## LEHIGH WATER COMPANY v. EASTON.

ERROR TO THE SUPREME COURT OF THE STATE OF PENNSYLVANIA.

Argued April 7, 1887. — Decided April 18, 1887.

The provision in the Constitution of the United States that "no State shall pass any law impairing the obligation of contracts" necessarily refers to the law made after the particular contract in suit.

The judgment of the highest court of a state involving the enforcement or interpretation of a contract is not reviewable in this court, under the clause of the Constitution protecting the obligation of contracts against impairment by state legislation, and under the existing statutes defining and regulating its jurisdiction, unless by its terms or necessary operation it gives effect to some provision of the state constitution, or some legislative enactment of the state claimed by the unsuccessful party to impair the contract in question.

BILL in equity in a state court of Pennsylvania to enjoin the municipal authorities of Easton, Pennsylvania, from constructing water works. Decree dismissing the bill, which was affirmed by the Supreme Court of the state. The plaintiff sued out this writ of error. The Federal question is stated in the opinion of the court.

*Mr. Edward J. Fox* and *Mr. Edward J. Fox, Jr.,* for plaintiff in error

*Mr. Robert I. Jones* for defendants in error. *Mr. William S. Kirkpatrick* for the water commissioners of Easton, and *Mr. Frank Reeder* and *Mr. William Beidelman,* for the borough of Easton, were with him on the brief.

MR. JUSTICE HARLAN delivered the opinion of the court.

For many years prior to June 21, 1880, the Lehigh Water Company, a corporation organized, under the laws of Pennsylvania, by the purchasers at judicial sale of the rights, powers, privileges, and franchises of the West Ward Company, also a Pennsylvania corporation, maintained a system of

water works whereby the inhabitants of the borough of Easton, in that Commonwealth, were supplied with water for domestic and business purposes. On that day, it accepted the provisions of an act of the General Assembly of Pennsylvania, approved April 20, 1874, entitled "An act to provide for the incorporation and regulation of certain corporations." By such acceptance it acquired the privileges, immunities, franchises, and powers conferred by the act upon corporations created under it.

It also became entitled to the benefit of the third clause of the 34th section of that act, relating to water and gas companies.

That clause provides:

"The right to have and enjoy the franchises and privileges of such incorporation within the district or locality covered by its charter shall be an exclusive one.; and no other company shall be incorporated for that purpose until the said corporation shall have from its earnings realized and divided among its stockholders, during five years, a dividend equal to eight per centum per annum upon its capital stock: *Provided,* That the said corporations shall at all times furnish pure gas and water, and any citizen using the same may make complaint of impurity or deficiency in quantity, or both, to the court of common pleas of the proper county, by bill filed, and after hearing the parties touching the same, the said court shall have power to make such order in the premises as may seem just and equitable, and may dismiss the complaints or compel the corporation to correct the evil complained of."

The seventh clause of the same section provides: "It shall be lawful at any time after twenty years from the introduction of water or gas, as the case may be, into any place as aforesaid, for the town, borough, city, or district into which the said company shall be located, to become the owners of said works and the property of said company by paying therefor the net cost of erecting and maintaining the same, with interest thereon at the rate of ten per centum per annum, deducting from said interest all dividends theretofore declared." Laws Penn. 1874, pp. 73, 93.

After the acceptance by the Lehigh Water Company of the provisions of the act of 1874, the constituted authorities of the borough of Easton, in conformity with a vote of its qualified electors, and under power conferred by acts of the General Assembly, approved March 12, 1867, and April 15, 1867, Laws Penn. 1867, pp. 412, 1253, 1254, determined to construct and itself maintain a system of public works for supplying its inhabitants with water.

This suit was brought by the Lehigh Water Company for the purpose of enjoining the authorities of the borough from constructing or providing such works or from appropriating money therefor. The suit proceeds upon these grounds: 1. That the acts of 1867 ceased to be valid after the adoption of the present constitution of Pennsylvania. 2. That the Lehigh Water Company acquired, by the act of 1874, the exclusive right to erect and maintain water works for supplying water to the inhabitants of Easton. 3. That the acts of 1867, if not superseded by the constitution of Pennsylvania, impaired the obligation of the contract created between that commonwealth and the company, by the latter's acceptance of the provisions of the act of 1874; consequently, they were void under the National Constitution.

The Supreme Court of Pennsylvania, affirming the judgment of the court of original jurisdiction dismissing the suit, held that the exclusive right acquired by the Lehigh Water Company, under the act of 1874, was exclusive only against other private water companies, and that the legislation did not intend to prohibit a city, borough, or other municipal corporation from providing its inhabitants with water by means of works constructed by itself from money in its own treasury; also, that the acts of 1867 were neither repealed by the act of 1874, nor superseded by the state constitution.

In reference to the remaining ground relied upon by the company the state court said:

"The third ground of objection is wholly without merit. By constructing water works of its own the borough will not destroy the franchises of the plaintiff company. It may impair their value, and probably will do so; but of this the com-

pany have no legal cause of complaint. The granting of a new charter to a new corporation may sometimes render valueless the franchises of an existing corporation; but unless the state by contract has precluded itself from such new grant the incidental injury can constitute no obstacle. *Charles River Bridge* v. *Warren Bridge*, 11 Pet. 420; *Turnpike Co.* v. *The State of Maryland*, 3 Wall. 210; *Piscataqua Bridge* v. *New Hampshire Bridge*, 7 N. H. 35. No contract has been shown between the water company and the state by which the latter is precluded from granting to the borough of Easton the privilege of erecting works to supply its citizens with water." *Lehigh Water Co.'s Appeal*, 102 Penn. St. 515, 528.

The only question presented by the record which this court can properly consider is, whether the judgment below denies to the plaintiff in error any right or privilege secured by that provision of the Constitution of the United States which declares that "no state shall pass any law impairing the obligation of contracts." Obviously, this clause cannot be invoked for the reversal of the judgment below. It is equally clear that the law of the state to which the Constitution refers in that clause must be one enacted after the making of the contract, the obligation of which is claimed to be impaired. Neither the Lehigh Water Company nor its predecessor had, under any statute enacted prior to 1874, an exclusive right to maintain water works in the borough of Easton for supplying its inhabitants with water. Nor did the grant to the borough, in the acts of 1867, of the power to construct and maintain a system of public water works, infringe any right or privilege which the plaintiff in error *then* had under its charter. But the claim is, that the exclusive privilege acquired by the company under the statute of 1874 was impaired in value by the acts passed in 1867. It cannot, however, with propriety, be said that the obligation of a contract made with the state in 1874 was impaired by statutes enacted in 1867. Whether the former repealed, by implication, the acts of 1867, presents no question arising under the National Constitution. That is a question simply of statutory construction which the state

court was competent to determine, and whose judgment in respect thereto is not subject to reëxamination in this court. Had the borough of Easton been authorized by a statute enacted *after* the Lehigh Water Company had acquired the exclusive privilege given by the act of 1874, then this court would have been compelled to decide, upon its independent judgment, whether the latter applied only to private corporations; for, in such case, the determination of that question would be involved in the inquiry whether there was a contract between the state and the company, and, if there was a contract, whether its obligation was impaired by a law subsequently enacted. *Louisville Gas Co.* v. *Citizens' Gas Co.*, 115 U. S. 683, 697.

The argument in behalf of the company seems to rest upon the general idea that this court, under the statutes defining its appellate jurisdiction, may reëxamine the judgment of the state court in every case involving the enforcement of contracts. But this view is unsound. The state court may erroneously determine questions arising under a contract which constitutes the basis of the suit before it; it may hold a contract void which, in our opinion, is valid; it may adjudge a contract to be valid which, in our opinion, is void; or its interpretation of the contract may, in our opinion, be radically wrong; but, in neither of such cases, would the judgment be reviewable by this court under the clause of the Constitution protecting the obligation of contracts against impairment by state legislation, and under the existing statutes defining and regulating its jurisdiction, unless that judgment, in terms or by its necessary operation, gives effect to some provision of the state constitution, or some legislative enactment of the state, which is claimed by the unsuccessful party to impair the obligation of the particular contract in question. *Railroad Company* v. *Rock*, 4 Wall. 177, 181; *Railroad Company* v. *McClure*, 10 Wall. 511, 515; *Knox* v. *Exchange Bank*, 12 Wall. 379, 383; *Delmas* v. *Ins. Co.*, 14 Wall. 661, 665; *University* v. *People*, 99 U. S. 309, 319; *Chicago Life Ins. Co.* v. *Needles*, 113 U. S. 574, 582.

The judgment is                                        *Affirmed.*