# CITY OF DES MOINES *v.* DES MOINES CITY RAILWAY COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF IOWA.

No. 171.   Argued April 21, 22, 1909.—Decided May 17, 1909.

A resolution of a municipal council, directing a street railway company to remove and replace tracks and wires, and, in case of failure to comply, instructing the City Solicitor to take such action as he deems advisable to enforce the resolution, amounts only to direction to bring a suit; and, even if contract rights should be violated if the resolution were enforced, the resolution does not of itself amount to an ordinance or law impairing the obligation of contracts and the Circuit Court has no jurisdiction of a suit to enjoin its enforcement.

THE facts are stated in the opinion.

*Mr. William H. Baily, Mr. Howard J. Clark* and *Mr. William H. Bremner,* with whom *Mr. R. O. Brennan* was on the brief, for appellant:

The United States Circuit Court was without jurisdiction to hear and determine this cause. The question of jurisdiction precedes any inquiry into the merits. *Oregon* v. *Hitchcock,* 202 U. S. 60, 68; *Whitney* v. *Dick,* 202 U. S. 132, 135.

The question of jurisdiction was clearly raised and decided in the court below, and while not referred to in the assignment of errors, is before this court, and would be even if it had not been suggested in the court below. Act of March 3, 1875, § 5; *Briggs* v. *Traders' Company,* 135 Fed. Rep. 254, 257; *Hartog* v. *Memory,* 116 U. S. 588; *Williams* v. *Nottawa,* 104 U. S. 209–211.

Whether a case presents a Federal question must be determined from the allegations of fact in the bill, giving them their natural and logical meaning and application, without regard to the arguments, conclusions and surmises stated. *Devine* v. *Los Angeles,* 202 U. S. 313, 333; *Houston & T. C. R. Co.,* v. *Texas,* 177 U. S. 66, 78; *St. Joseph & G. I. R. Co.* v. *Steele,*

167 U. S. 659, 662; *Chappell* v. *Waterworth*, 155 U. S. 102–108; *Arkansas* v. *Kansas & T. Coal Co.*, 183 U. S. 185, 188; *Western Union Tel. Co.* v. *Ann Arbor R. R. Co.*, 178 U. S. 243; *Hamblin* v. *Western Land Co.*, 147 U. S. 531, 532; *Galveston & S. A. R. Co.* v. *State of Texas*, 170 U. S. 226, 236; Simpkins' Suit-in Equity, p. 95.

If it appears from the entire record that a case does not really and substantially involve a dispute or controversy within the jurisdiction of the Circuit Court, jurisdiction must be denied. *Morris* v. *Gilmore*, 129 U. S. 315; *Wetmore* v. *Rymer*, 169 U. S. 115, 120; *Barrie* v. *Edmunds*, 116 U. S. 550; *Deputron* v. *Young*, 134 U. S. 241; *Simon* v. *House*, 46 Fed. Rep. 317; *Maxwell* v. *A., T. & S. F. R. Co.*, 34 Fed. Rep. 286; *Holden* v. *Utah M. & M. Co.*, 82 Fed. Rep. 209; *Bank of Arapahoe* v. *David Bradley & Co.*, 72 Fed. Rep. 867.

The resolution of the City Council does not infringe the provisions of § 10, Art. I of the Constitution, which is aimed at the legislative power of the State; and to come within its inhibition there must be a law of the State or an enactment from some source to which the State gives the force of law. *N. O. Water Co.* v. *Louisiana Sugar Co.*, 125 U. S. 18, 32, 38; *Iron Mountain Ry. Co.* v. *Memphis*, 96 Fed. Rep. 113; *Williams* v. *Bruffy*, 96 U. S. 176, 183; *Lehigh Water Company* v. *Easton*, 121 U. S. 388, 392.

If an enactment is susceptible of two meanings, one in conflict with the Constitution and the other not, the court should adopt the latter. *State* v. *Stevens*, 112 Wisconsin, 170; *Wheeler* v. *Herbert*, 92 Pac. Rep. (Cal.), 353, 358; *Munn* v. *Illinois*, 94 U. S. 113, 123; *C. & N. W. Ry. Co.* v. *Dey*, 35 Fed. Rep. 866, 874; *Fletcher* v. *Peck*, 6 Cranch, 87, 128; *Sweet* v. *Rechel*, 159 U. S. 393; *United States* v. *Boyer*, 85 Fed. Rep. 430; *Thorn* v. *San Francisco*, 4 California, 159.

The resolution is not a law. Code of Iowa, 1897, § 680; *Cascaden* v. *Waterloo*, 106 Iowa, 673, 681, 682; *Martin* v. *Oskaloosa*, 126 Iowa, 680, 685; *Shelby* v. *Burlington*, 125 Iowa, 343; *Jones* v. *McAlpine*, 64 Alabama, 512; *Blanchard* v. *Bussell*, 11 Ohio

St. 96–103; *City* v. *Sears,* 2 Colorado, 588; 21 Am. & Eng. Ency. Law (2d ed.), 947; *Chicago Ry. Co.* v. *Chicago,* 174 Illinois, 439; *San Antonio* v. *Mickeljohn,* 89 Texas, 79; *People* v. *Mount,* 186 Illinois, 560, 571; *Cape Girardeau* v. *Foufeu,* 30 Mo. App. 511, 556; *Fairchild* v. *St. Paul,* 49 N. W. Rep. 325; *State* v. *Bayonne,* 35 N. J. Law, 335; McQuillin, Municipal Ordinances, § 2; Dillon on Municipal Corporations (4th ed.), 236; *Eckert* v. *Walnut,* 117 Iowa, 629; *Zalesky* v. *Cedar Rapids,* 118 Iowa, 774.

The resolution was not enacted in the manner required for the enactment of an ordinance, and, therefore, cannot be construed to be an ordinance. Code of Iowa, 1897, §§ 681, 682; *Cape Girardeau* v. *Foufeu,* 30 Mo. App. 511, 556; *City of Alma* v. *Guaranty Savings Bank,* 19 U. S. App. 622–628; *State* v. *Bayonne,* 35 N. J. Law, 335; *Iron Mountain Ry.* v. *Memphis,* 96 Fed. Rep. 113; Dillon on Mun. Corp. (4th ed.) 436; McQuillin, Mun. Ord., § 2; *Strohm* v. *Iowa City,* 47 Iowa, 42.

The contract of the complainant, if it has one, is set forth in the ordinance, and an ordinance cannot be amended or repealed except by an ordinance, and the resolution is therefore void as a matter of state law. Code of Iowa, 1897, § 681; *Cascaden* v. *Waterloo,* 106 Iowa, 673, 681; *People* v. *Mount,* 186 Illinois, 560, 571.

If the effect of the resolution would be to impair the obligation of contracts, or to deny due process of law or equal protection of law, it contravenes the constitution of Iowa and is void as a matter of state law. Const. Iowa, Art. I, §§ 9, 21.

If an attempt to legislate is void under the state law no Federal question arises under it for it is not a law. *Gas Light Co.* v. *Hamilton,* 146 U. S. 258, 266; *Munway* v. *Charleston,* 96 U. S. 432, 440; *Williams* v. *Bruffy,* 96 U. S. 176, 183; *Water Company* v. *Easton,* 121 U. S. 388, 392; *N. O. Water Works* v. *Louisiana Sugar Co.,* 125 U. S. 31, 38; *Shreveport* v. *Cole,* 129 U. S. 36.

The resolution was not a legislative act, but was passed for administrative and executive purposes only. *Cumberland* v. *Evansville,* 77 Indiana, 542, 551; *St. Paul Gas Light Com-*

*pany* v. *St. Paul,* 181 U. S. 142; *Cape May* v. *Cape May Ry. Co.,* 60 N. J. Law, 224.

The resolution does not deny due process of law.

Law in its regular course of administration is due process and when secured by the law of the State the constitutional requirement is satisfied. 2 Kent, Com., 13; *Davidson* v. *New Orleans,* 96 U. S. 97; *Hurtado* v. *People,* 110 U. S. 516; *Hagar* v. *Reclamation District,* 111 U. S. 701; *Merchant* v. *Railroad Company,* 153 U. S. 280; *Land Company* v. *Laidley,* 159 U. S. 103; *Orient Insurance Co.* v. *Daggs,* 176 U. S. 557; *Caldwell* v. *Texas,* 137 U. S. 692, 697; *Lepper* v. *Texas,* 139 U. S. 462, 468.

The resolution shows that the city only intended to proceed by due process of law. *Cape May* v. *Cape May Ry. Co.,* 60 N. J. Law, 224.

The intention of the council in passing the resolution was to cause proceedings to be instituted in a court of competent jurisdiction.

*Mr. Nathaniel T. Guernsey,* with whom *Mr. William L. Read, Mr. George H. Carr, Mr. Alonzo C. Parker* and *Mr. William E. Miller* were on the brief, for appellee:

This case presents a Federal question and the jurisdiction is clear. See *Northern Pacific R. Co.* v. *Duluth,* 208 U. S. 583, which is exactly in point. See also *Mercantile Trust Co.* v. *Columbus,* 203 U. S. 311, 322; *Shoshone Mining Co.* v. *Rutter,* 177 U. S. 507; *Saginaw Gas Light Co.* v. *Saginaw,* 28 Fed. Rep. 529; *Water Works Co.* v. *Vicksburg,* 185 U. S. 65; *Pacific Electric Ry. Co.* v. *Los Angeles,* 194 U. S. 117; *City Ry. Co.* v. *Citizens' Ry. Co.,* 166 U. S. 562; *Walla Walla* v. *Water Co.,* 172 U. S. 1; *Iron Mountain R. Co.* v. *Memphis,* 96 Fed. Rep. 113; *Riverside Ry. Co.* v. *Riverside,* 118 Fed. Rep. 736.

The resolution is a law and its effect is to destroy the appellant's rights. The argument that this enactment should be by ordinance and that it is merely administrative, is beside the point as is the argument that the city did not mean what it said. *Old Colony Trust Co.* v. *Wichita,* 123 Fed. Rep. 779.

The effect of this resolution, if it were permitted to stand, would be to render unlawful the exercise by the complainant of its rights under this contract.

There is jurisdiction in equity. Resort to equity is proper, because of the cloud upon the complainant's title, to avoid a multiplicity of suits, to prevent interference with necessary extensions, and because damages at law would be clearly inadequate: *Blair* v. *Chicago*, 201 U. S. 400, 449; *Detroit* v. *Detroit Citizens' R. Co.*, 184 U. S. 368; *Cleveland* v. *City R. Co.*, 194 U. S. 531; *Water Works Co.* v. *Vicksburg*, 185 U. S. 65; *Iron Mountain R. Co.* v. *Memphis*, 96 Fed. Rep. 131; *Water Co.* v. *Omaha*, 147 Fed. Rep. 1.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill brought in the Circuit Court by an Iowa corporation against a city of Iowa. The ground of jurisdiction is that a resolution of the City Council of that city is a law impairing the obligation of contracts within the meaning of the Constitution of the United States, and if carried out will take the property of the corporation without due process of law, contrary to the Fourteenth Amendment. The Circuit Court granted an injunction against the enforcement of the resolution, and the defendant appealed to this court.

The plaintiff, the appellee, sets up, under a certain ordinance, a right unlimited as to time to construct, maintain and operate an electric street railway in and over the streets, alleys and bridges of Des Moines. The resolution alleged to impair these rights is as follows:

"Whereas: Questions have been raised as to the rights of the Des Moines City Railway Company and the Interurban Railway Company to maintain their tracks and operate their lines upon and along and over the streets and bridges and public places of the City of Des Moines; and

"Whereas: It is essential to the preservation of the rights of the City of Des Moines that such questions be determined as speedily as possible.

"Be it Resolved by the City Council of the City of Des Moines: That said companies be and they are hereby ordered to remove all of their tracks, poles and wires from the streets, bridges and public places of the City of Des Moines, and to restore and repair the surface and pavement where paved of all of the streets along which they are now operating their lines, and said companies are hereby ordered to commence said removal within twenty-five days after the passage of this resolution.

"Be it Further Resolved: That should the said Railway Companies fail to commence such removal within the time above specified, the City Solicitor be and he is hereby instructed to take such action as he shall deem advisable and necessary to secure the enforcement of the above resolution.

"Be it Further Resolved: That the City Clerk be and he is hereby instructed to serve a certified copy of this resolution upon the Des Moines City Railway Company and the Interurban Railway Company forthwith."

We are of opinion that this is not a law impairing the rights alleged by the appellee, and therefore that the jurisdiction of the Circuit Court cannot be maintained. Leaving on one side all questions as to what can be done by resolution as distinguished from ordinance under Iowa laws, we read this resolution as simply a denial of the appellee's claim and a direction to the City Solicitor to resort to the courts if the appellee shall not accept the city's views. The resolution begins with a recital that questions as to the railway company's rights have been raised, and ends with a direction to the City Solicitor to take action to enforce the city's position. The only action to be expected from a City Solicitor is a suit in court. We cannot take it to have been within the meaning of the direction to him that he should take a posse and begin to pull up the tracks. The order addressed to the companies to remove their tracks was simply to put them in the position of disobedience, as ground for a suit, if the city was right.

*Decree reversed, with direction to dismiss the bill.*