AMERICAN TELEPHONE & TELEGRAPH CO. OF ALABAMA v. TOWN OF NEW DECATUR.

(Circuit Court, N. D. Alabama, N. D. January 27, 1910.)

No. 263.

1. COURTS (§ 282*) —JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.

Where jurisdiction of a federal court is predicated on the ground that the obligation of a contract has been impaired by a state, the questions to be considered are (1) the existence or not of the contract, (2) the obligation arising under it, and (3) whether there has been state legislation impairing the contract obligation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 821; Dec. Dig. § 282.*]

2. CONSTITUTIONAL LAW (§ 115*)—OBLIGATION OF CONTRACTS—IMPAIRMENT BY STATE.

Impairment by a state of the obligation of a contract must be by legislation subsequent to the making of the contract enacted either directly by the Legislature of the state or, through delegation, by one of its municipalities.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 274-278; Dec. Dig. § 115.*]

3. CONSTITUTIONAL LAW (§ 115*)—OBLIGATION OF CONTRACTS—IMPAIRMENT BY STATE—MUNICIPAL ACTION.

If an ordinance of a municipality is relied on as constituting an impairment of the obligation of a contract, it must be shown to have been enacted pursuant to, or under color of, legislative authority from the state, granted either subsequent to the contract or, if prior, of continuing effect.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 115.*]

4. CONSTITUTIONAL LAW (§ 115*)—OBLIGATION OF CONTRACTS—IMPAIRMENT BY STATE—MUNICIPAL ACTION—"ACT OF THE STATE."

General and implied powers arising out of the charter of a municipal corporation do not constitute such legislative authority for an ordinance passed by the municipality repealing or repudiating a prior ordinance by which it entered into a contract as to render it an "act of the state" within the contract clause of the federal Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 115.*]

5. CONSTITUTIONAL LAW (§ 115*)—OBLIGATION OF CONTRACTS—IMPAIRMENT BY STATE—MUNICIPAL ACTION—"IMPAIRMENT OF OBLIGATION."

A mere repudiation of a contract by a municipal corporation or a denial of liability thereon, whether by ordinance or otherwise, is not an "impairment of the obligation" of the contract within the contract clause of the federal Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 115.*

For other definitions, see Words and Phrases, vol. 4, pp. 3412–3417.]

6. COURTS (§ 282*) —JURISDICTION OF FEDERAL COURTS—FEDERAL QUESTION.

The passage by a municipal council of an ordinance and resolutions repealing a prior ordinance granting a franchise to a telephone company, ordering it to remove its poles and wires from the streets as a nuisance, and in the event of its failure to do so directing suit against it to compel such removal, does not constitute laws impairing the obligation of the contract made by the franchise ordinance so as to confer upon a federal court jurisdiction of a suit to enjoin their enforcement.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 821; Dec. Dig. § 282.*

Jurisdiction in cases involving federal question, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purchasing Co. v. Boston & M. Consol. Copper & Silver Min. Co., 35 C. C. A. 7.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity.  Suit by the American Telephone & Telegraph Company against the Town of New Decatur.  On motion for preliminary injunction.  Motion denied for want of jurisdiction.

Callahan & Harris, John C. Eyster, and Knox, Acker & Blackmon (Charles D. M. Cole, of counsel), for plaintiff.

W. T. Lowe, A. F. Fite, and Tyson, Wilson & Martin, for defendant.

GRUBB, District Judge.  This was a bill in equity, the purpose of which was to enjoin the defendant from interfering with the plaintiff's telephone system, consisting of lines of poles and wires, as constructed in the town of New Decatur, Ala., and from instituting legal proceedings in the state courts to enjoin the plaintiff from operating, maintaining, and managing its telephone system in that town.  Jurisdiction in the federal court is claimed solely because the controversy is claimed to be one arising under the Constitution of the United States.  Diversity of citizenship does not exist between the parties.  The action of the defendant, complained of in and sought to be restrained by the bill of complaint, is contended to be in violation of article 1, § 10, of the Constitution, and of the due process clause of the fourteenth amendment thereto, and the jurisdiction of this court depends upon whether the bill of complaint shows that such claim is made out by the facts alleged in it.

The bill avers a grant to plaintiff by defendant on June 7, 1898, by ordinance, of a franchise to occupy with its poles and wires the highways of the town, subject to supervision and regulation under the police power of the municipality; the acceptance of the grant by plaintiff; and the construction of its poles and wires in the highways, pursuant to said grant, and the use of said highways thereunder for a period of about six years.  It further avers that on March 14, 1904, the town of New Decatur adopted an ordinance, the legal effect of which was to repeal the former ordinance granting the franchise; that on May 3, 1904, the defendant adopted another ordinance, providing (1) for the removal from the highways of plaintiff's poles and wires by plaintiff; (2) in the event of plaintiff's failure to effect such removal in 30 days, for the removal thereof by the town officers; and (3) declaring the maintenance of said poles and wires thereafter by plaintiff a nuisance, for which plaintiff's employés and officers were made responsible.  It further avers the passage of two resolutions by defendant, the first on May 3, 1904, and the second on May 11, 1904, directing the attorneys of the defendant to institute legal proceedings in the state courts for the purpose of (1) restraining the plaintiff from engaging in and carrying on the telephone business in the town of New Decatur, after the expiration of its existing license, and forbidding the town clerk to reissue a license to it for that purpose; and (2) compelling it to remove its poles and wires from the highways of the town and to cease using them in its telephone business.  It further avers that, in pursuance of the said ordinances and resolutions, the authorities intend to take steps to force plaintiff to remove its poles and wires from the highways and cease using and operating them.

Where jurisdiction is predicated upon the ground that the obligation

of a contract has been impaired by a state, the questions to be considered are (1) the existence or not of the contract, (2) the obligation arising under it, and (3) whether there has been state legislation impairing the contract obligations. If the conclusion is reached by the court in this case that the bill of complaint fails to show state legislation impairing contract obligations, then the bill should be dismissed for want of jurisdiction, though the ordinance of June 7, 1898, created a valid contract between plaintiff and defendant to permit the use of its highways for plaintiff's poles and wires without limit as to time. Impairment by a state of the obligations of a contract must be by legislation subsequent to the making of the contract, enacted either directly by the Legislature of the state, or, through delegation, by one of its municipalities. McCullough v. Virginia, 172 U. S. 102–116, 19 Sup. Ct. 134, 43 L. Ed. 382; Oshkosh Water Co. v. Oshkosh, 187 U. S. 437–446, 23 Sup. Ct. 234, 47 L. Ed. 349. If the ordinance of a municipality is relied upon as constituting such impairment, it must be shown to have been enacted pursuant to or under color of legislative authority from the state. In the case of Hamilton Gas Light Co. v. Hamilton City, 146 U. S. 258, 266, 13 Sup. Ct. 90, 92, 36 L. Ed. 963, the court said:

"The jurisdiction of that court (Circuit Court of the United States) can be sustained only upon the theory that the suit is one arising under the Constitution of the United States. But the suit would not be of that character, if regarded as one in which the plaintiff merely sought protection against the violation of an alleged contract by an ordinance to which the state has not in any form given or attempted to give the force of law. A municipal ordinance, not passed under supposed legislative authority, cannot be regarded as a law of the state within the meaning of the constitutional prohibition against state laws impairing the obligations of contracts. Murray v. Charleston, 96 U. S. 432–440 [24 L. Ed. 760]; Williams v. Bruffy, 96 U. S. 176–183 [24 L. Ed. 716]; Lehigh v. Easton, 121 U. S. 388–392 [7 Sup. Ct. 916, 30 L. Ed. 1059]; N. O. Waterworks v. Louisiana Sugar Co., 125 U. S. 18, 31, 38 [8 Sup. Ct. 741, 31 L. Ed. 607]. A suit to prevent the enforcement of such an ordinance would not, therefore, be one arising under the Constitution of the United States."

In the case of Dawson v. Columbia Trust Co., 197 U. S. 178, 182, 25 Sup. Ct. 420, 422, 49 L. Ed. 713, the court said:

"In the case before us, there was no legislation subsequent to the contract and it is not even shown that there was a color of previous legislation for the city's acts. These acts are alleged to be unlawful, and the allegation would be maintained by showing that they were not warranted by the laws of the state."

The rule to be derived from these cases is that a municipal ordinance to constitute a basis of legislation impairing the obligation of a contract must be enacted under color of an act of the Legislature, either of subsequent enactment, or, if prior, then of continuing effect in the sense that it operates as a subsequent delegation to the municipality of authority to enact the ordinance complained of. The cases relied on by plaintiff's counsel do not conflict with this rule. In each the ordinance was authorized by express specific legislation, generally enacted after the accrual of the contract rights alleged to have been impaired, or, as in the case of Cleveland v. Cleveland City Ry. Co., 194 U. S. 517, 24 Sup. Ct. 756, 48 L. Ed. 1102, by legislation, enacted before the making of the contract, but which was construed as being of continuing force

thereafter and until the enactment of the impairing ordinance. In every case in which the question has been considered, the necessity for municipal action under express specific legislative authority has been recognized. Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 Sup. Ct. 77, 43 L. Ed. 341; Vicksburg Waterworks Co. v. Vicksburg, 185 U. S. 65, 22 Sup. Ct. 585, 46 L. Ed. 808; Vicksburg v. Vicksburg Waterworks Co., 202 U. S. 453, 26 Sup. Ct. 660, 50 L. Ed. 1102; Cleveland v. Cleveland City Ry. Co., 194 U. S. 517, 24 Sup. Ct. 756, 48 L. Ed. 1102; Mercantile Trust Co. v. Columbus, 203 U. S. 311, 27 Sup. Ct. 83, 51 L. Ed. 198.·

The plaintiff in this case relies upon municipal ordinances and resolutions of the town of New Decatur and threatened action by the town authorities thereunder, as showing legislative action impairing the obligation of the contract. The bill of complaint should show that such ordinances and resolutions were adopted in pursuance or under color of express and specific legislative authority, and that they amounted to more than a mere repudiation of its contract and a denial of liability upon it. The ordinance of March 14, 1904, merely repealed the ordinance of June 7, 1898, which created the contract rights, alleged to have been impaired. The bill does not allege under color of what, if any, legislative authority, this repealing ordinance was enacted. No express power to repeal ordinances is to be found in the legislative charter of the town of New Decatur. All municipal corporations have the inherent power to repeal ordinances, implied from their authority to adopt them. The incorporation of the town of New Decatur as a municipality, with such implied powers, is the only legislative authority that can be claimed for the repealing ordinance. Such authority is not only prior in date to the contract ordinance, but is general and implied, as distinguished from the specific and express legislative authority, which alone has been held by the Supreme Court sufficient to constitute municipal legislation impairing contract obligation within the meaning of this article of the Constitution of the United States.

The ordinances and resolutions directing the plaintiff to remove its poles and wires from the streets, and, in the event of its failure so to do within a stated period, directing the town marshal to effect such removal, and declaring them to be nuisances thereafter, are contended by plaintiff to have been adopted by the defendant pursuant to the general power in its original legislative charter of 1888–89, re-enacted in 1898–99, to remove obstructions in the streets of the town, and so to constitute legislation impairing the obligation of the contract ordinance. This legislative power was granted to defendant years before the contract rights accrued, and was the general power, inherent in all municipalities, in which is vested the control of highways, and is to be distinguished from the character of legislation in the cases cited, which consisted of express and specific grants of power by the state to the municipality to build the gas or waterworks, or to issue bonds for such purpose, or call elections therefor, and to compel the construction or repair of viaducts, the doing of which in each case constituted the alleged impairment.

The plaintiff also contends that the ordinances and resolutions com-

plained of were passed by defendant under authority of section 23, art. 1, of the Constitution of Alabama of 1875, which provides that no law, making any irrevocable grants of special privileges or immunities, shall be passed by the General Assembly. Neither the bill nor briefs of defendant's counsel show any such reliance. The position of defendant, on the contrary, with reference to the constitutional provision, is that it nullified the original contract ordinance and so made a repealing ordinance unnecessary. The Supreme Court of Alabama, in the case of Weller v. City of Gadsden, 141 Ala. 642, 37 South. 682, held that the constitutional provision did not have reference to "revocations, alterations and amendments" by municipalities, but only to those of the state through its Legislature. As the constitutional provision has no reference to repeals by ordinances of municipal corporations, the defendant cannot be presumed to have relied on it in enacting the repealing ordinances in question. There is, therefore, no presumed reliance by defendant upon this constitutional provision; and no actual reliance is alleged in the bill. The provision is not the character of legislation by the state that would make an ordinance enacted under color of it state legislation impairing the obligation of contract rights. Its enactment, not only antedated the accrual of the contract rights alleged to have been impaired, but it is even more general in its nature than the provisions of the charter relied on by plaintiff, being a part of the fundamental law of the state. The bill of complaint fails to show any legislative authority for the ordinances and resolutions complained of, of such a character as would, within the decisions of the Supreme Court, constitute state legislation impairing contractual obligations. Its averments do not show that the town of New Decatur, in passing the resolutions and ordinances, acted under color of any constitutional or statutory provision. The attempt is to bring the municipal action within the sphere of state legislation by showing authority in the defendant under the general principles of law relative to the powers of municipal corporations, and under constitutional provisions, to enact the repealing ordinances and resolutions. There is no attempt to show that the state by legislation, either express or reasonably to be implied, has sanctioned in any way the action of the defendant. The acts of the defendant complained of are merely alleged "to be unlawful, and the allegation would be maintained by showing that they were not warranted by the laws of the state."

There is a stronger reason why the conduct of the defendant, as set out in the bill, does not constitute legislation impairing the obligation of contract rights. The rule is well settled that an ordinance or resolution of a municipality, the effect of which is merely to deny liability upon or repudiate a contract, and which creates no antagonistic rights or duties, is not impairing legislation, though the contract repudiated is valid and binding. In the case of St. Paul Gas Light Co. v. St. Paul, 181 U. S. 142, 149, 21 Sup. Ct. 575, 577, 45 L. Ed. 788, the court expressed the principle in this language:

"The other provision (of the ordinance) in question created no new right or imposed no new duty substantially antagonistic to the obligations of the contract, but simply expressed the purpose of the city not in future to pay the interest on the cost of the construction of the lamp posts, which were ordered to

be removed; that is to say, it was but a denial by the city of its obligation to pay, and a notice of its purpose to challenge in the future the existence of the duty to make such payment. This denial, whilst embodied in an ordinance, was no more efficacious than if it had been expressed in any other form, such as by way of answer filed on behalf of the city in a suit brought by the company to enforce what it conceived to be its rights under the contract. When the substantial scope of this provision of the ordinance is clearly understood, it is seen that the contention here advanced of impairment of the obligations of the contract arising from this provision of the ordinance, reduces itself at once to the proposition that wherever it is asserted on the one hand that a municipality is bound by a contract to perform a particular act and the municipality denies that it is liable under the contract to do so, thereby an impairment of the obligations of the contract arises in violation of the Constitution of the United States. But this amounts only to the contention that every case involving a controversy covering a municipal contract is one of federal cognizance determinable ultimately in this court. Thus to reduce the proposition to its ultimate conception is to demonstrate its error."

In the case of Mercantile Trust Co. v. Columbus, 203 U. S. 311, 321, 27 Sup. Ct. 83, 86, 51 L. Ed. 198, the court said:

"The ordinance and act were not mere statements of an intention on the part of one of the parties to a contract not to be bound by its obligations. Such a denial on the part, even of a municipal corporation, contained in an ordinance to that effect, is not legislation impairing the obligation of a contract. St. Paul Gas Light Co. v. St. Paul, 181 U. S. 142 [21 Sup. Ct. 575, 45 L. Ed. 788]."

And after quoting from the case there cited, the portion incorporated in this opinion, the court said further:

"In the case at bar the conditions are entirely different. There was not merely a denial by the city of its obligation under the contract, but the question is whether there were not new and substantial duties in positive opposition to those contained in the contract, created and their performance provided for by the ordinance and act. The act of the Legislature aided the city by granting it power to itself to erect waterworks and to issue bonds in payment thereof, and the city was proceeding to avail itself of the power thus granted, when its progress was arrested by the filing of the bill in this case, and the issuing of a temporary injunction. It would seem as if the case were really within the principle decided in Walla Walla v. Walla Walla Water Co., 172 U. S. 1 [19 Sup. Ct. 77, 43 L. Ed. 341]; Vicksburg Water Co. v. Vicksburg, 185 U. S. 65 [22 Sup. Ct. 585, 46 L. Ed. 808], again reported [Vicksburg v. Water Co.] 202 U. S. 453 [26 Sup. Ct. 660, 50 L. Ed. 1102]; Davis v. Los Angeles, 189 U. S. 207 [23 Sup. Ct. 498, 47 L. Ed. 778]; Knoxville Water Co. v. Knoxville, 200 U. S. 22 [26 Sup. Ct. 224, 50 L. Ed. 353]."

The case of Dawson v. Columbia Trust Co., 197 U. S. 178, 181, 25 Sup. Ct. 420, 422, 49 L. Ed. 713, clearly differentiates the class of cases in which the ordinance merely denies liability and repudiates the contract obligation, from the other class in which the ordinance creates rights or duties antagonistic to the contract rights, charged to have been impaired. In that case, the court said:

"The mere fact that the city was a municipal corporation does not give to its refusal the character of a law impairing the obligation of the contract or deprive a citizen of property without due process of law. That point was decided in St. Paul Gas Light Co. v. St. Paul, 181 U. S. 142–150 [21 Sup. Ct. 575, 45 L. Ed. 788]. Undoubtedly the decisions on the two sides of the lines are very near to each other. But the case at bar is governed by the one which we have cited and not by Walla Walla v. Walla Walla Water Co., 172 U. S. 1 [19 Sup. Ct. 77, 43 L. Ed. 341], which is cited and distinguished in St. Paul Gas Light Co. v. St. Paul. In Vicksburg Waterworks Co. v. Vicksburg, 185 U. S. 60 [22 Sup. Ct. 585, 46 L. Ed. 808], the city had made a contract with the waterworks com-

pany, and afterwards a law was passed authorizing the city to build new works. The city acting under this law denied liability and took steps to build the works, whereupon the waterworks company filed its bill, alleging the law to be unconstitutional. This bill was held to present a case under the Constitution. In the case before us, there was no legislation subsequent to the contract, and it is not even shown that there was a color of previous legislation for the city's acts. These acts are alleged to be unlawful and the allegation would be maintained by showing that they were not warranted by the laws of the state. See Hamilton Gas Co. v. Hamilton City, 146 U. S. 258–266 [13 Sup. Ct. 90, 36 L. Ed. 963]; Lehigh Water Co. v. Easton, 121 U. S. 388–392 [7 Sup. Ct. 916, 30 L. Ed. 1059]. We repeat that something more than a mere refusal of a municipal corporation to perform its contract is necessary to make a law impairing the obligation of contract or otherwise give rise to a suit under the Constitution of the United States."

On one side of the line of cases are Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 Sup. Ct. 774, 3 L. Ed. 341, Vicksburg v. Vicksburg Waterworks Co., 185 U. S. 60, 22 Sup. Ct. 585, 46 L. Ed. 808, Cleveland v. Cleveland City Ry. Co., 194 U. S. 517, 24 Sup. Ct. 756, 48 L. Ed. 1102, Mercantile Trust Co. v. Columbus, 203 U. S. 311, 27 Sup. Ct. 83, 51 L. Ed. 198, and Northern Pacific R. R. Co. v. Duluth, 208 U. S. 583, 28 Sup. Ct. 341, 52 L. Ed. 630. In each of these cases the municipal legislation amounted to more than a naked breach or repudiation of contract, in that it created powers and rights in antagonism to the contract rights, such as the power to construct competing water or gas works, when an exclusive right was given by the contract or ordinance, or an authority to issue bonds or call an election to that end, or the authority to compel a railroad company to construct or maintain at its expense a viaduct over a highway. On the other side of the line are the cases of St. Paul Gas Light Co. v. St. Paul, 181 U. S. 142, 21 Sup. Ct. 575, 45 L. Ed. 788, Dawson v. Columbia Trust Co., 187 U. S. 178, 25 Sup. Ct. 420, 49 L. Ed. 713, and Des Moines v. City Ry. Co., 214 U. S. 179, 29 Sup. Ct. 553, 53 L. Ed. 958, in each of which the ordinances were construed to amount to no more than a breach or repudiation of a municipal contract, and, for that reason, not to constitute legislation impairing the obligation of contract within the meaning of the Constitution. Upon the proper classification of the case at bar in this respect depends its correct decision. In the case at bar no antagonistic rights or powers to those of the original contract or ordinance were created by the subsequent ordinances and resolutions, and the case resembles in that respect the line of cases last cited. There was (1) a mere repealing ordinance; (2) an ordinance directing the plaintiff to remove its poles and wires from the streets within 30 days, and in the event of its failure to do so a direction to the town authorities to remove them and a declaration that their continued maintenance thereafter would constitute a nuisance; and (3) subsequent resolutions directing the city attorney to file proceedings in the state court to compel the removal of the plaintiff's poles and wires from the streets, to compel it to cease doing business after the expiration of its existing license, and forbidding its reissue to plaintiff. So far as the ordinances and resolutions concern the right of plaintiff to do business, other than its right to maintain poles and wires on the highways, no federal question is involved, for there is no showing in the bill of any vested right to a license to do business in any other sense in the

town limits. Eliminating the license feature, the case at bar is identical in legal effect with that of Des Moines v. City Ry. Co., 214 U. S. 179, 29 Sup. Ct: 553, 53 L. Ed. 958, and is controlled by it. The opinion of the court is brief, and is set out in full as follows:

"This is a bill brought in the Circuit Court by an Iowa corporation against a city of Iowa. The ground of jurisdiction is that a resolution of the city council of that city is a law impairing the obligation of contracts within the meaning of the Constitution of the United States, and if carried out will take the property of the corporation without due process of law, contrary to the fourteenth amendment. The Circuit Court granted an injunction against the enforcement of the resolution, and the defendant appealed to this court. The plaintiff, the appellee, sets up, under a certain ordinance, a right unlimited as to time to construct, maintain, and operate an electric street railway in and over the streets, alleys, and bridges of Des Moines.

"The resolution alleged to impair these rights is as follows: 'Whereas questions have been raised as to the rights of the Des Moines City Railway Company and the Interurban Railway Company to maintain their tracks and operate their lines upon and along and over the streets and bridges and public places of the city of Des Moines; and whereas, it is essential to the preservation of the rights of the city of Des Moines that such questions be determined as speedily as possible: Be it resolved by the city council of the city of Des Moines that said companies be and they are hereby ordered to remove all of their tracks, poles and wires from the streets, bridges and public places of the city of Des Moines, and to restore and repair the surface and pavement where paved of all of the streets along which they are now operating their lines, and said companies are hereby ordered to commence said removal within twenty-five days after the passage of this resolution; be it further resolved, that should the said railway companies fail to commence such removal within the time above specified, the city solicitor be and he is hereby instructed to take such action as he shall deem advisable and necessary to secure the enforcement of the above resolution; be it further resolved, that the city clerk be and he is hereby instructed to serve a certified copy of this resolution upon the Des Moines City Railway Company and the Interurban Railway Company forthwith.'

"We are of opinion that this is not a law impairing the rights alleged by the appellee, and therefore that the jurisdiction of the Circuit Court cannot be maintained. Leaving on one side all questions as to what can be done by resolution as distinguished from ordinance under Iowa laws, we read this resolution as simply a denial of the appellee's claim and a direction to the city solicitor to resort to the courts if the appellee shall not accept the city's views. The resolution begins with a recital that questions as to the railway company's rights have been raised, and ends with a direction to the city solicitor to take action to enforce the city's position. The only action to be expected from a city solicitor is a suit in court. We cannot take it to have been within the meaning of the direction to him that he should take a posse and begin to pull up the tracks. The order addressed to the companies to remove their tracks was simply to put them in a position of disobedience, as a ground for a suit, if the city was right."

In the case at bar, it is true that the ordinance of May 3, 1904, directs the town marshal to remove the poles, if the plaintiff failed to do so in the stipulated time. This might differentiate the case from the case cited, except for the fact that on May 11th thereafter the city council adopted a later resolution, directing the city attorneys to institute and prosecute in the name of the defendant such a suit or proceeding as might be deemed proper by them to compel the plaintiff to remove its poles and wires from the streets and to prevent their use in its telephone business. This resolution, passed subsequently, clearly indicates the abandonment by defendant of any intention on its part to remove the poles and wires by violence, and an intention to compel

their removal by legal proceedings only. The passage of a resolution authorizing the institution of a suit to compel removal is inconsistent with a purpose to proceed under an earlier resolution to remove by force and without suit. The bill also avers "that, in pursuance of the ordinances and resolutions passed by the board of aldermen of the city of New Decatur, as hereinabove set forth, the said city authorities of the said city intend forthwith and without delay to take steps to force orator to remove its poles and wires from the public streets of said city." The averment is that the removal was to be forced pursuant to the ordinances and resolutions set out in the bill; that is, by filing legal proceedings to compel their removal. No acts or threats of defendant are averred or relied on other than the ordinances and resolutions set out in the bill, as indicating a purpose on its part to resort to violence. Construing the resolutions and ordinances as an entirety, the only action reasonably to be expected to be taken by the town authorities was a suit in court. This case is, therefore, identical with the case of Des Moines City Railway Co., supra; and controlled by it. For the reasons stated, the court is without jurisdiction.

The restraining order heretofore granted is dissolved, and the motion for a temporary injunction is denied; and the bill will be dismissed for want of jurisdiction at the costs of plaintiff, unless amended by the plaintiff within 15 days from the date of this decision, so as to confer jurisdiction within the views expressed herein.