### CITY OF ST. AUGUSTINE et al. v. ST. JOHNS ELECTRIC CO.

(Circuit Court of Appeals, Fifth Circuit. February 15, 1923.)

No. 3976.

1. **Street railroads ⬤⟹38—Direction to repave held in the nature of a police regulation.**

Where a street railway, though operating at a loss, has no present purpose to cease operations, a direction to it by the city to repave its tracks and two feet on each side, as provided in the ordinance granting it the use of the street, is in the nature of a police regulation for the safety of the public.

2. **Street railroads ⬤⟹38—Ordinance requiring paving and replacement of track held not to change ordinance granting franchise.**

A resolution of a city requiring an electric light and railway company to make pavement repairs and replace a portion of its track, and reciting that the company is bound to do so under the ordinance granting its privileges, does not attempt to change or alter the former ordinance, but is merely an assertion of what the city claims to be the company's duty thereunder, with a demand that it comply therewith.

3. **Courts ⬤⟹282(1)—Suit to enjoin forfeiture of franchise rights by judicial proceedings involves no question under federal Constitution.**

Though it is admitted that, if an electric light and railway company fails to comply with a resolution requiring it to make pavement repairs and to replace a portion of its track, the city intends to take steps to forfeit its right to use the streets in connection with its electric light business, as well as its railway business, where it is intended to do this by judicial proceeding, a suit to enjoin such proceedings involves no question under the federal Constitution giving jurisdiction to a federal court, even though there is no sufficient ground for forfeiture.

4. **Courts ⬤⟹282(1)—That questions under Constitution may arise in judicial proceedings does not give jurisdiction to enjoin such proceedings.**

That questions under the United States Constitution may arise in the progress of contemplated judicial proceedings, which would authorize a review of the judgment by the United States Supreme Court, does not give a United States court jurisdiction to enjoin the institution of such proceedings.

Appeal from the District Court of the United States for the Southern District of Florida; Henry D. Clayton, Judge.

Suit by the St. Johns Electric Company against the City of St. Augustine and others. From a judgment granting an injunction, defendants appeal. Reversed and remanded, with directions.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Patrick H. Odom, of Jacksonville, Fla., and E. N. Calhoun, of St. Augustine, Fla., for appellants.

George W. Bassett, Jr., of St. Augustine, Fla., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This is a suit to enjoin the city of St. Augustine from taking judicial proceedings to forfeit the franchise, rights, and privileges granted to the plaintiff, St. Johns Electric Company, by a certain ordinance of said city if said electric company should fail to comply with a resolution calling on it to make certain pavement repairs required by the ordinance granting it permission to lay its tracks and erect its poles and wires, both for its trolley line and its electric plant for lighting and power purposes, on the streets of said city, and also to replace about 2½ miles of track outside of the city, extending to the beach on Anastasia Island, which were washed away by a storm during the year 1920. This track was built in compliance with one of the provisions of said ordinance and was operated until its destruction.

The resolution of the city requires the electric company to make such repairs and replacement, reciting that it is bound to do so under the ordinance granting said privileges. The resolution requires the work of repair and replacement to be done within certain specified times.

The electric company filed its bill of complaint in the United States District Court for the Southern District of Florida, averring that said ordinance under which it had occupied said streets contained provisions by the terms of which a forfeiture of rights thereby granted could be had by the city; and it also stated that a statute of Florida provides that upon a violation of any of the terms, conditions, or provisions of such grant, privilege, license, or immunity, or on a failure to comply with any reasonable provision of any ordinance of such municipal corporation regulating the use by the grantee thereof, if such violation or failure shall continue for a period of five days after notice to desist, the grantee shall be deemed to have forfeited and annulled the entire franchises, etc., such forfeiture to be declared in a judicial proceeding in the circuit court of the county in which such municipality is located.

The bill alleged that the electric company had been operating its railways at an annual deficit of earnings sufficient to defray operating expenses and taxes, aggregating $51,405.77 in five years; in addition, that it had an annual interest charge of $5,000 on bonded indebtedness; that it had no funds with which to make such repairs and replacements; that to compel the continued operation of its railroads was in effect a confiscation of its property for public uses; that if such repairs and replacements were not made as ordered, the city would proceed to forfeit its entire grants under said ordinance, including as well the right to maintain its electric light and power lines as its railways, under a clause of said ordinance which expressly provided that all rights and privileges therein granted were granted as an entirety, and all forfeitures, penalties, or requirements were to apply to such franchise as a single grant. The electric company therefore prayed that the city be

enjoined from taking any steps to enforce said ordinance, or to declare a forfeiture of its franchise, rights, and privileges, both in respect to its railway system and electric lighting system, on the ground that such action by the city would result in irreparable injury, would deprive plaintiff of its property without due process of law, and deny to it the equal protection of the laws, all in violation of the Constitution of the United States.

It also prayed that the city be enjoined from forcing plaintiff to spend any money in complying with said resolution, except such as it might derive from its railway properties; that the court would decree that there was no public demand for a street railway system in said city; and that to further compel the plaintiff to continue the operation of said street railway system without earning its expenses of operation and maintenance, and depreciation costs and charges, would be a taking of its property without due process of law, and without compensation, and would deny to it the equal protection of the laws, in violation of the Constitution of the United States; that it be adjudged that so much of said ordinance, sections 394 and 397, as would compel plaintiff to continuously operate and maintain each of its separate and distinct properties (its railway system and its electric lighting system), where one of them is not self-supporting, as required by said ordinance, in order to retain the franchise rights and privileges pertaining to the other system which is self-supporting, is contrary to public policy, unjust, inequitable, and confiscating plaintiff's said properties without due process of law, without compensation, and denies to plaintiff the equal protection of the law, in violation of the Constitution of the United States.

Each of the parties is a corporation and citizen of Florida, and the jurisdiction of the United States courts rests on the averment that the controversy is one arising under the Constitution of the United States. The jurisdiction of said courts is attacked on the ground that the bill presents no such controversy.

It may be admitted that a public utility cannot be compelled to furnish service to the public at a loss, and that where it has become evident that such business can only be conducted at a loss, or without furnishing a reasonable return on the investment, the service may be abandoned.

[1] But there is no averment in the bill that the plaintiff has ceased the operation of its railways on the streets of the city of St. Augustine under the ordinance in question, or of its present purpose to do so. The direction to it to repave its tracks and two feet on each side, as provided in the ordinance granting the use of the street, is in the nature of a police regulation looking to the safety of the public using such streets, of the same nature as an order to a property owner to repair or renew a sidewalk in front of his property. It would seem that so long as the plaintiff uses the streets under the grant in the ordinance, it should not escape the liability to discharge its duty agreed to by accepting such grant as to keeping the part used by it in the condition required by its grant of the right to use. Northern Illinois Light & T. Co. v. Com. Commission, 302 Ill. 11, 134 N. E. 142, 146, 147.

We do not find in the averments of this bill any facts sufficiently

showing a purpose on the part of the city to attempt to forfeit the franchises granted by said ordinance for a failure to comply therewith. The only averment of the bill as to the danger of forfeiture is:

"That the city of St. Augustine by the passage of said resolution 220 and the serving of said resolution on this plaintiff, as heretofore set forth, is attempting to and will in fact declare a forfeiture of its franchise," etc.

No fact except the passage of said resolution and service of a copy thereof on the electric company is alleged.

However, it was frankly stated in the argument in this court by counsel for the city that he did not wish to avoid this issue on this hearing, and that it was the purpose of the city if said resolution, Exhibit B, was not complied with by the plaintiff, to proceed under the statutes of Florida to forfeit the entire grant of said ordinance by the judicial proceedings therein provided, and not permit the plaintiff to enjoy the profitable part of the franchise and abandon the unprofitable part. That is to say, that the forfeiture to be undertaken would include both that part of the grant used for the light and power plant and that used for street railway purposes.

The city opposes the grant of injunction to prevent such attempted forfeiture on the ground that the attempt would be made by legal proceedings in a state court, under a state statute, and that this affords due process of law and prevents the resolution and action taken thereunder from being in violation of the Fourteenth Amendment of the Constitution of the United States.

The claim of the electric company is that the adoption of this resolution and the proceedings proposed amount to a deprivation of its property without due process of law and a denial to it of the equal protection of the laws.

The jurisdiction of this court depends wholly on the existence of a controversy arising under the Constitution of the United States.

[2] The resolution of the city of St. Augustine does not attempt to change or alter its former ordinance, but is merely the assertion of what the city claims to be the duty of the electric company under such ordinance and a demand that it comply therewith. This is but an assertion by one party to an instrument of its claim of right thereunder and a demand on the other party for performance on its part of the requirements thereof. St. Paul Gaslight Co. v. St. Paul, 181 U. S. 143, 149, 21 Sup. Ct. 575, 45 L. Ed. 788.

[3] Taking the statement of counsel for appellant in this court as an official declaration of what the appellant proposes to do if the electric company refuses to comply with its demands, it is that it will institute the legal proceedings provided by statute to determine whether the company has incurred the penalty of a forfeiture, and of what forfeiture. The resolution does not attempt to decide that a forfeiture has resulted, or to what, if any, extent.

In a similar case, the Supreme Court of the United States said:

"Leaving on one side all questions as to what can be done by resolution as distinguished from ordinance under Iowa laws, we read this resolution as simply a denial of the appellee's claim and a direction to the city solicitor to resort to the courts if the appellee shall not accept the city's views. The resolution

begins with a recital that questions as to the railway company's rights have been raised, and ends with a direction to the city solicitor to take action to enforce the city's position. The only action to be expected from a City Solicitor is a suit in court." Des Moines v. City Railway Co., 214 U. S. 179, 184, 29 Sup. Ct. 553, 554 (53 L. Ed. 958).

[4] If it be conceded that the city has no sufficient ground on which to secure a judgment of forfeiture, a resolution to institute judicial proceedings to test that question would not raise any question under the Fourteenth Amendment of the Constitution of the United States. The electric company can fully assert its rights in the judicial proceedings proposed to be instituted in the circuit court. The right to review the judgment of that court in the Supreme Court of the state is given, and questions arising under the Constitution of the United States in that litigation can be reviewed in the Supreme Court of the United States. That questions under such Constitution might arise in the progress of the forfeiture proceedings, which would entitle the judgment therein to be reviewed by the Supreme Court of the United States, does not now give a United States court jurisdiction to enjoin the city of St. Augustine from instituting such proceedings. Defiance Water Co. v. Defiance, 191 U. S. 184, 194, 24 Sup. Ct. 63, 48 L. Ed. 140.

We therefore think that the District Court erred in granting an injunction in this case and in not dismissing the bill of complaint on defendants' motion.

The judgment of the District Court is reversed, and the cause remanded, with directions that the said bill be dismissed for want of jurisdiction.