WESTERN UNION TELEGRAPH COMPANY *v.* STATE OF C̄EORGIA, AS OWNER OF WESTERN & ATLANTIC R. R., ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 24. Argued October 9, 1925.—Decided November 16, 1925.

1. A law authorizing suits in behalf of the State for the assertion of its title to property does not impair any contract rights that a party thus proceeded against may have in the subject matter. P. 68.
2. Consequently an adjudication for the State is not reviewable in this court by the defendant on the ground that the statute authorizing the suit violated the contract clause of the Constitution. *Id.*

Writ of error to review 156 Ga. 409, dismissed; certiorari denied.

ERROR to a judgment of the Supreme Court of Georgia affirming a decree denying the claim of the Telegraph Company to an easement of way in railroad property owned by the State, and enjoining the Company to remove its wires, poles and structures. Certiorari also was applied for, and denied.

*Messrs. John G. Milburn* and *Francis Raymond Stark,* with whom *Messrs. Arthur Heyman* and *William L. Clay* were on the briefs, for plaintiff in error.

*Mr. Henry C. Peeples,* with whom *Messrs. Fitzgerald Hall* and *Hooper Alexander* were on the briefs, for defendants in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit by the State of Georgia and the Nashville, Chattanooga and St. Louis Railway for a decree enjoining the Western Union Telegraph Company from occupying or using any part of the right of way of the Western and Atlantic Railroad, a road built and owned by the State and let by it to the Railway company that joins with it as a plaintiff in this suit. The Telegraph Company claims a perpetual right of way over the State owned road by virtue of three alleged contracts. The trial Court decided that the Telegraph Company had no right in the premises, ordered it to remove its wires, poles and structures from the plaintiffs' right of way within twelve months from the final determination of the cause, and enjoined it from occupying or using the right of way after that time. This decree was affirmed by the Supreme Court of Georgia by an equally divided Court. 156 Ga. 409. The case is brought here by writ of error on the ground that the statutes warranting these proceedings impaired the obligation of the alleged contracts. There is also a petition for a writ of certiorari filed out of caution, but the only federal question is that raised by the writ of error and therefore the petition for a writ of certiorari is denied.

The first, and in this case the only question to be decided is whether the statutes relied upon have been given an effect impairing the obligation of any contract that the Telegraph Company may have. The statutes are an Act of November 30, 1915, and one of August 4, 1916, amending the former. The Act of 1915 provided for the letting of the Western and Atlantic Railroad and created a Commission to determine among other things the extent and character of every use of the right of way by anyone other than the lessee, and the authority for the same. The Commission was to prepare bills for the General Assembly

carrying into effect any recommendation that it might make with respect to what steps should be taken to assert the title of the State to any part of the right of way or the road that might be adversely used. By the amendment the Commission was given power to deal with encroachments on the way and to determine whether they should be moved and discontinued and to take such action as it deemed proper to cause the removal, and to that end " the Commission is authorized and empowered to institute and prosecute, in the name and behalf of the State of Georgia, such suits and other legal proceedings as it may deem appropriate in protection of the State's interest, or the assertion of the State's title." Under this statute the Commission, reciting that it was advised by its counsel that the occupation of the way by the Telegraph Company was without lawful authority, resolved that the counsel be instructed to institute suit for the removal of the encroachment in the name of the State, provided that the lessees should join in the suit and pay the costs. Thereupon this proceeding was begun.

This is all, and it is not enough to give the Telegraph Company a standing here. The statutes do not prejudge the Telegraph Company's case, or any case. They do not purport to subject the Company to any prohibition or command, or to determine or qualify the Company's rights; they do not attempt to delegate power to do so to the Commission. They do not even point out the Telegraph Company. So far as material to this case, they simply authorize the Commission to inquire, and in case it finds any encroachment that it believes unlawful, to sue. In *Columbia Ry., Gas & Electric Co.* v. *South Carolina,* 261 U. S. 236, the State law undertook to treat what this Court held to be only a covenant as a condition subsequent and as having entailed a forfeiture. The suit was brought upon this statute and a judgment rendered for the State in its courts was held to have given effect to the

statutory attempts to enlarge the obligations of the Railway Company under a grant from the State. The difference between that case and this is plain. A mere authority to test disputed rights by a suit does not impair the obligation of a contract upon which a defendant relies. When a claim is set up under a contract the Constitution does not forbid litigation to decide whether one was made or what it means. *St. Paul Gaslight Co.* v. *St. Paul,* 181 U. S. 142, 149. *Mercantile Trust & Deposit Co.* v. *Columbus,* 203 U. S. 311, 321. *Des Moines* v. *Des Moines City Ry. Co.,* 214 U. S. 179. *South Covington & Cincinnati Street Ry. Co.* v. *Newport,* 259 U. S. 97, 99, 100.

The statutes in question are still more remote from those which while valid on their face are construed by the State Courts to apply to a matter not subject to state control. *Dahnke-Walker Milling Co.* v. *Bondurant,* 257 U. S. 282. Here there was no attempt to control otherwise than by the result of a suit in which the Telegraph Company could set up all its alleged contracts and protect all its constitutional rights. The plaintiff in error shows no law impairing the obligation of contracts and therefore no ground for coming here. See *Cross Lake Shooting & Fishing Club* v. *Louisiana,* 224 U. S. 632, 639; *Tidal Oil Co.* v. *Flanagan,* 263 U. S. 444, 452.

*Writ of error dismissed.*