Jerald HENRY, individually, and on behalf of all others similarly situated; Pamela Coleman, individually, and on behalf of all others similarly situated, Plaintiffs,

v.

CIRCUS CIRCUS CASINOS, INC., et al., Defendants.

No. CV–S–04–0747–PMP(LRL).

United States District Court, D. Nevada.

Aug. 19, 2004.

April A. O'Brien, Sharon Nelson, O'Brien & Nelson, Las Vegas, NV, for Plaintiffs.

Elayna Youchah, Todd L. Bice, Schreck Brignone, Las Vegas, NV, for Defendants.

### ORDER

PRO, Chief Judge.

Presently before the Court is Defendants' Motion to Dismiss State Law Claims for Lack of Subject Matter Jurisdiction (Doc. # 6), filed on June 14, 2004. Plaintiffs filed Plaintiffs' Opposition to Defendants' Motion to Dismiss State Law Claims for Lack of Subject Matter Jurisdiction (Doc. # 10) on June 28, 2004. Defendants filed a Reply in Support of Defendants' Motion to Dismiss State Law Claims for Lack of Subject Matter Jurisdiction (Doc. # 11) on July 12, 2004.

## I. BACKGROUND

Plaintiffs are current or former security guards for Mandalay Corp. d/b/a Mandalay Bay Resort and Casino. (Compl. ¶ 30.) Plaintiffs allege Defendant Mandalay Corp. required them to arrive fifteen minutes early for their shift for security briefings and to stay after their shift until they were relieved and that Mandalay Corp. did not compensate them for this time. (Id. ¶¶ 32–35.)

Mandalay Corp. is a subsidiary of Mandalay Resort Group. (Id. ¶ 8.) According to Plaintiffs, Mandalay Corp.'s time and wage policy is based on its parent company's policy for all its subsidiaries. (Pls.' Opp'n to Defs.' Mot. to Dismiss State Law Claims for Lack of Subject Matter Jurisdiction at 3 n. 1.) Plaintiffs thus have named as Defendants Mandalay Resort Group and its subsidiaries, partnerships, and joint ventures (collectively "Defendants"),[1] and pursue this action as a class and/or collective action for themselves and all similarly situated Mandalay Resort Group security guards. (Id.) Plaintiffs assert class action claims under Nevada Revised Statutes 608.016 and 608.018 for Defendants' alleged unlawful failure to compensate them for time worked and for failure to pay overtime for shifts over eight hours. (Compl. ¶¶ 53–64.) Plaintiffs also assert a similar collective action under the Fair Labor Standards Act. (Id. ¶¶ 65–71.) Additionally, Plaintiffs request declaratory and injunctive relief. (Id. ¶¶ 72–75.) Plaintiffs seek to certify as a class:

> All former, present, and future security personnel employed at Mandalay Resort Group property who were or will be required to attend pre-shift briefings without remuneration for three (3) years predating the filing of the complaint.

(Pls.' Mot. to Conditionally Certify Collective Action for Purposes of Disc. and Notice and Req. to Send Notice to Putative Collective Action Members and Req. for Appointment

---

1. The named Defendants are: Circus Circus Casinos, Inc. d/b/a Circus Circus Hotel and Casino—Las Vegas and Circus Circus Hotel and Casino—Reno; Slots-A-Fun, Inc. d/b/a Slots-A-Fun Casino; Edgewater Hotel Corporation d/b/a Edgewater Hotel and Casino; Colorado Belle Corp. d/b/a Colorado Hotel and Casino; New Castle Corp. d/b/a Excalibur Hotel and Casino; Ramparts, Inc. d/b/a Luxor Hotel and Casino; Mandalay Corp. d/b/a Mandalay Resort and Casino; Railroad Pass Investment Group d/b/a Railroad Pass Hotel and Casino; Jean Development Company d/b/a Goldstrike Hotel and Gambling Hall; Jean Development West d/b/a Nevada Landing Hotel and Casino; Victoria Partners d/b/a Monte Carlo Resort & Casino; Gold Strike L.V.; M.S.E. Investments, Inc.; Last Chance Investments, Inc.; Goldstrike Investments, Inc.; Diamond Gold, Inc.; Galleon, Inc.; Circus and El Dorado Joint Venture d/b/a Silver Legacy Resort Casino; and Mandalay Resort Group.

as Class Counsel Pursuant to Rule 23(g) at 4.)

## II. DISCUSSION

All Defendants other than Mandalay Corp. move to dismiss Plaintiffs' state law class action claims for lack of standing. According to Defendants, because only Mandalay Corp. employed Plaintiffs, only Mandalay Corp. could have harmed Plaintiffs through its allegedly unlawful time and wage practices. Defendants thus argue Plaintiffs have no standing to sue Defendants at which they were never employed because those Defendants could not have harmed Plaintiffs. Plaintiffs respond they have met the standing requirements because they state a claim against Mandalay Corp. According to Plaintiffs, once they have standing against one defendant, the standing issue is resolved, and the inquiry shifts to a Federal Rule of Civil Procedure 23 analysis to determine if Plaintiffs may represent a class of similarly situated persons.

The United States Court of Appeals for the Ninth Circuit has not resolved whether a plaintiff having a cause of action against a single defendant has standing to maintain a class action against the single defendant as well as an unrelated group of defendants who have engaged in similar conduct. When faced with this factual scenario, the Ninth Circuit assumed standing existed, but held that under Federal Rule of Civil Procedure 23, the named plaintiff may represent only those class members "suffering an injury similar to his own inflicted by the defendant responsible for the plaintiff's injury." *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 462, 464–66 (9th Cir.1973). The Ninth Circuit created exceptions from this rule where all injuries are the result of a conspiracy between the defendants or where all defendants are "juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *Id.* at 466.

■ Although the Ninth Circuit assumed standing in these circumstances, Article III standing is a jurisdictional requirement. *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir.2000) (standing is a jurisdictional issue deriving from the "case or controversy" requirement of Article III of the United States Constitution.). The United States Supreme Court recently has held that federal courts may not assume Article III jurisdiction to address merits questions even if the court could resolve the jurisdictional questions more easily. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (holding federal courts may not assume hypothetical jurisdiction). Since *La Mar*, the Ninth Circuit has indicated that "[s]tanding is a jurisdictional element that must be satisfied prior to class certification." *Lee v. State of Or.*, 107 F.3d 1382, 1390 (9th Cir.1997) (quotation omitted). Consequently, the Court will not assume standing, and will examine the standing issue on its merits.

■ To establish standing under Article III of the United States Constitution, a plaintiff must show:

"(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). "[A] plaintiff who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Blum v. Yaretsky*, 457 U.S. 991, 999, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494–495, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *see also Warth v. Seldin*, 422 U.S. 490, 502, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (named plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which

they belong and which they purport to represent").

The Federal Rules of Civil Procedure incorporate these jurisdictional limits. Under Federal Rule of Civil Procedure 82, the Rules "shall not be construed to extend or limit the jurisdiction of the United States district courts." Standing is a jurisdictional limitation on this Court's jurisdiction that cannot be expanded by class action principles under Federal Rule of Civil Procedure 23. Consequently, a plaintiff who lacks Article III standing to sue a defendant may not establish standing "through the back door of a class action." *Allee v. Medrano*, 416 U.S. 802, 828–829, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974) (Burger, C.J., concurring in part and dissenting in part). "Standing is one of the keys necessary to open the door to the federal courthouse. Rule 23 merely provides a procedural doorstop which holds the door open for qualified class members, once it has been opened by the person or persons initially seeking entry." *Matte v. Sunshine Mobile Homes, Inc.*, 270 F.Supp.2d 805, 826 (W.D.La.2003) (quoting *Chevalier v. Baird Sav. Ass'n*, 66 F.R.D. 105, 109 (E.D.Pa.1975) (emphasis in original omitted)).

The Court concludes that to establish Article III standing in a class action, at least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant. This is not to say that each named plaintiff must have a claim against each named defendant, for, as Plaintiffs argue, standing would be quite difficult to achieve if that were the rule. Rather, what is required is that for every named defendant there be at least one named plaintiff who can assert a claim directly against that defendant. At that point, Article III standing is satisfied and only then will the inquiry shift to a Rule 23 analysis.[2]

Plaintiffs do not dispute that they have no standing to pursue claims against Defendants other than Mandalay Corp. ab-

sent their purported representation of un-identified class members. Plaintiffs therefore have failed to establish standing against any of the named Defendants except Mandalay Corp. Consequently, the Court will dismiss Plaintiffs state law class claims against all Defendants except Mandalay Corp. unless Plaintiffs join named plaintiffs for these Defendants within thirty days.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss State Law Claims for Lack of Subject Matter Jurisdiction (Doc. # 6) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiffs shall have thirty days from the date of this Order to join named plaintiffs who have standing to assert claims against Defendants other than Mandalay Corp. or Plaintiffs' state law class claims against Defendants other than Mandalay Corp. will be dismissed.

---

2. The Court declines to import La Mar's "juridical link" doctrine into an Article III analysis. A doctrine developed under Rule 23 based on judicial efficiency and expedience does not play a role in an Article III standing analysis. *See In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 169–71 (D.Mass.2004).