Jackie Lee NEESE, Thomas David Dicus, Michelle Renee Enos, Cheryl Francis Grundman, Keith Allen Grundman, Shan Keoke Gull, on behalf of Genevieve Marguerite Gull, David Martin Rees, and Elizabeth Alden Rees, individually and on behalf of all others similarly situated, Appellants,

v.

LITHIA CHRYSLER JEEP OF ANCHORAGE, INC., Lithia of Anchorage, Inc. d/b/a Lithia Dodge of South Anchorage, Lithia of Southcentral Alaska, Inc. d/b/a Chevrolet of South Anchorage, Chevrolet of Wasilla and Saab of South Anchorage, and Lithia Imports of Anchorage, Inc. d/b/a Lithia Hyundai of Anchorage, Appellees.

No. S–12725.

Supreme Court of Alaska.

July 10, 2009.

---

26. *Tybus*, 989 P.2d at 1289.

See also, —— P.3d ——, 2009 WL 2004190.

 

Michael W. Flanigan, Walther & Flanigan, Anchorage, for Appellants.

Howard S. Trickey and Matthew Singer, Jermain, Dunnagan & Owens, P.C., Anchorage, for Appellees.

Before: MATTHEWS, EASTAUGH, CARPENETI, and WINFREE, Justices.

*OPINION*

CARPENETI, Justice.

## I. INTRODUCTION

Consumers seeking to bring a class action alleged that four auto dealerships failed to make statutorily mandated disclosures when selling used vehicles. Two of the dealerships moved to dismiss the complaint against them because the consumers had not specifically alleged that class representatives purchased vehicles at those dealerships. The superior court dismissed the consumers' claims against those two dealerships and entered final judgment in favor of the two dealerships. Although the superior court did not err in concluding that the consumers lacked standing and failed to state a claim against the two dealerships, the superior court subsequently entered final judgment without a showing of hardship or good cause and without permitting the consumers to amend their complaint by adding new class representatives with standing against the dismissed dealerships. Because this was error, we reverse and remand for further proceedings consistent with this opinion.

## II. FACTS AND PROCEEDINGS

### A. Facts

■ This matter is on appeal from a motion to dismiss. Thus, we accept as true all allegations in the consumers' complaint.[1] Between June 2003 and July 2005, Cheryl and Keith Grundman, David and Elizabeth Rees, Stanley Welles, Thomas Dicus, Michelle Enos, and Shan Gull all purchased

---

1. *See J & L Diversified Enters., Inc. v. Municipality of Anchorage,* 736 P.2d 349, 351 (Alaska 1987) ("We will accept as true all well-pleaded material allegations of a non-moving party in our review of a dismissal on the pleadings.").

used vehicles from Lithia Chrysler Jeep of Anchorage (Lithia Chrysler). In February 2005 Jackie Neese purchased a used vehicle from Lithia Dodge of South Anchorage (Lithia Dodge). These consumers allege that the Lithia dealerships failed to disclose important information about the vehicles as required by AS 45.25.465(a). Specifically, the consumers allege that although the dealerships were aware that some of the vehicles they had purchased from individual owners had been in accidents or had mechanical problems, the dealerships did not provide the consumers an accurate disclosure of the accident and repair history. Further, the consumers allege that the dealerships purchased vehicles from individual owners without making "a reasonable inquiry into the condition of the vehicle[s], including the accident and repair history of the vehicle[s]" as required by AS 45.25.465(a)(1). The consumers also allege that the dealerships failed to disclose when they had purchased vehicles from another dealer or from an auction even though AS 45.25.465(a)(2) requires such a disclosure. The dealerships also allegedly failed to disclose that vehicles were originally manufactured for sale in Canada, as required by AS 45.25.470.

### B. Proceedings

In January 2006 the consumers filed a class action complaint in the superior court against various Lithia dealerships. Neese, Dicus, Enos, the Grundmans, Gull, and the Reeses were all listed as plaintiffs, but Welles was not. Lithia Motors, Inc., the umbrella corporation encompassing the various Lithia dealerships, was not listed as a defendant. Listed as defendants were Lithia Chrysler and Lithia Dodge as well as Lithia of Southcentral Alaska (Lithia Chevrolet)[2] and Lithia Hyundai of Anchorage (Lithia Hyundai).

In the complaint the consumers stated that the lawsuit was "a class action on behalf of all persons, other than defendants, their officers, directors, employees, and family members, who, since July 1, 2002, have purchased from defendants a used motor vehicle." The complaint alleged that "defendants have rou-

tinely breached the disclosure requirements set forth in AS 45.25.465 [disclosure of accident, repair, and purchase history] and AS 45.25.470 [disclosure that vehicle was manufactured for sale in foreign country] which in turn violate [AS 45.50.471(b)(43) and AS 45.50.471(b)(11) and (12) ] ["unfair methods of competition" and "unfair and deceptive acts or practices"]." In addition to their statutory claims, the consumers alleged that the dealerships' failures to disclose the history of the vehicles being purchased "were intentional, wanton, reckless[,] fraudulent and in disregard for the rights or safety of the plaintiffs and other similarly situated purchasers" and thus represented a breach of the dealerships' common law duties. The consumers also requested "equitable relief requiring defendants to disgorge all monies obtained due to violations of AS 45.25.465, .470 and 45.50.471 (11, 12 and 43) and requiring defendants to cease and desist from further violations of AS 45.25.465, .470 and 45.50.471 (11, 12 and 43) and to post notices of their duty of disclosure pursuant to those statutes in a place and manner selected to best advise the consumer of their rights under those statutes."

In July 2006 Lithia Chevrolet and Lithia Hyundai filed a motion to dismiss for lack of jurisdiction (Alaska Civil Rule 12(b)(1) ) and failure to state a claim (Rule 12(b)(6) ). They argued that "the plaintiffs lack standing to sue [them] and the complaint fails to state a claim against them" because "none of the plaintiffs purchased a used vehicle at [Lithia Chevrolet or Lithia Hyundai]" and "[n]either do any of the plaintiffs allege any wrongdoing by Lithia Chevrolet or Lithia Hyundai."

The consumers filed an opposition to the motion to dismiss, arguing that their complaint was "sufficient to state a class action claim and to provide a sufficient basis for standing of the class." Specifically, the consumers contended that "as a class action, the class has sufficient standing to bring this suit against all the named defendants because the common ownership of the defendants ... provides the 'juridical link[ ]' between all of the defendants sufficient to provide standing

---

**2.** The dealerships also refer to Lithia Chevrolet as Lithia Wasilla.

to the class." They urged the court to address class certification before considering whether the named class representatives had adequate standing. The consumers also requested oral argument on the motion to dismiss.

Without holding oral argument, the superior court granted the motion to dismiss pursuant to Civil Rule 12(b)(1) and (b)(6). The consumers then moved for reconsideration, arguing that the court overlooked their request for oral argument. The superior court granted the consumers' motion and set oral argument. After argument, however, the court again granted the dealerships' motion to dismiss. The consumers then filed a petition for review, which we denied.

Lithia Chevrolet and Lithia Hyundai then moved for entry of final judgment in the superior court. The consumers opposed the motion, arguing that "the entry of a final judgment as against two of the Lithia defendants would result in the possible filing of piecemeal appeals, as the claims against the remaining Lithia defendants have not been resolved." The consumers also requested that any judgment entered be "without prejudice" so that "customers who purchased used vehicles from the dismissed Lithia dealerships and who were not furnished the disclosures required by law [could] be allowed to bring claims against the dismissed dealerships." After the dealerships filed their reply brief, the superior court granted the motion for entry of final judgment and entered final judgment in favor of Lithia Chevrolet and Lithia Hyundai.[3]

A few days after final judgment was entered, the consumers filed a motion to amend accompanied by their proposed amended complaint, which named additional class representatives who allegedly purchased vehicles without receiving statutorily required disclosures from Lithia Hyundai and Lithia Chevrolet. The consumers then filed a motion for reconsideration of the court's entry of final judgment because they had included the individuals who had purchased vehicles from the dismissed dealerships. The superior court denied the motion for reconsideration and affirmed its entry of final judgment.[4]

The consumers now appeal the superior court's order granting the dealerships' motion to dismiss and the entry of final judgment.

## III. STANDARD OF REVIEW

■■■ We review *de novo* an order dismissing a complaint for failure to state a claim under Civil Rule 12(b)(6).[5] Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and should rarely be granted."[6] To survive a motion to dismiss for failure to state a claim, the consumers' complaint need only "set forth allegations of fact consistent with and appropriate to some enforceable cause of action."[7] When considering the appeal of a motion to dismiss we "presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party."[8]

■■■ We review *de novo* a superior court's decision to dismiss a complaint for lack of subject matter jurisdiction.[9] Issues of standing are also reviewed *de novo*.[10]

---

3. The superior court did not designate whether final judgment was with or without prejudice.

4. The superior court later consolidated this case with a related case involving the alleged illegal charging of a document preparation fee by Lithia dealerships, *Neese v. Lithia Chrysler Jeep of Anchorage, Inc.*, No. 3AN–06–13341 Ci. (Alaska Super., December 6, 2006).

5. *Rathke v. Corr. Corp. of America, Inc.* 153 P.3d 303, 308 (Alaska 2007).

6. *Angnabooguk v. State*, 26 P.3d 447, 451 (Alaska 2001) (quoting *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 253 (Alaska 2000)).

7. *Rathke*, 153 P.3d at 308 (quoting *Kollodge v. State*, 757 P.2d 1024, 1025–26 (Alaska 1988)).

8. *Id.*

9. *Ruckle v. Anchorage Sch. Dist.*, 85 P.3d 1030, 1033 (Alaska 2004).

10. *St. Paul Church, Inc. v. Bd. of Tr. of Alaska Missionary Conference of United Methodist Church, Inc.*, 145 P.3d 541, 549–50 (Alaska 2006).

■ We review entry of final judgment under Civil Rule 54(b) for abuse of discretion.[11]

## IV. DISCUSSION

### A. The Superior Court Did Not Err in Concluding that the Consumers Lacked Standing and Failed To State a Claim Against Lithia Chevrolet and Lithia Hyundai.

The superior court granted Lithia Chevrolet and Lithia Hyundai's motion to dismiss pursuant to Alaska Civil Rule 12(b)(1) and (b)(6) because the consumers "lack[ed] standing to sue these two defendants and the complaint fail[ed] to state a claim against them."

The crux of the consumers' argument is that the allegations in their complaint were sufficient to state a claim under Alaska statutes. The dealerships respond that the consumers failed to allege facts upon which relief could be granted because they named Lithia Hyundai and Lithia Chevrolet as defendants but "failed to allege how either corporation harmed any party to the lawsuit." The dealerships further assert that "[n]owhere in the complaint did [the consumers] allege the purchase of a used vehicle from Lithia Hyundai or Lithia [Chevrolet]."

#### 1. The consumers' statutory claims

The consumers' complaint alleges that the dealerships "have routinely breached the disclosure requirements set forth in AS 45.25.465 and AS 45.25.470 which in turn violate [AS 45.50.471(b)(43) and AS 45.50.471(b)(11) and (12) ]."

Alaska Statute 45.25.465(a)(1) requires a dealer, when obtaining a used motor vehicle from an individual consumer, to "make a reasonable inquiry of the seller into the condition of the vehicle, including the accident and repair history of the vehicle." The dealer is required to provide this information to a prospective purchaser of the vehicle.[12] When a dealer obtains a used motor vehicle from another motor vehicle dealer, a wholesaler, or an auction, the dealer must "disclose to a prospective purchaser of the vehicle that the vehicle was purchased from another dealer, a wholesaler, or an auction." [13]

Alaska Statute 45.25.470 provides that "[b]efore sale, a motor vehicle dealer shall disclose in writing whether a motor vehicle was originally manufactured for sale in Canada or another foreign country."

Alaska Statute 45.50.471 makes unlawful "unfair methods of competition" and "unfair or deceptive acts or practices." These include "engaging in ... conduct creating a likelihood of confusion or of misunderstanding and which misleads, deceives or damages a buyer or a competitor in connection with the sale or advertisement of goods or services," [14] and "using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived or damaged." [15] The "unfair methods of competition" and "unfair or deceptive acts or practices" also include violating AS 45.25.400–45.25.590.[16] Alaska Statute 45.50.531(a) provides that "[a] person who suffers an ascertainable loss of money or property as a result of another person's act or practice declared unlawful by AS 45.50.471 may bring a civil action to recover for each unlawful act or practice...."

In *Angnabooguk v. State*,[17] we held that a complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle the

11. *Kinn v. Alaska Sales & Serv., Inc.,* 144 P.3d 474, 483 (Alaska 2006).

12. AS 45.25.465(a)(1).

13. AS 45.25.465(a)(2).

14. AS 45.50.471(b)(11).

15. AS 45.50.471(b)(12).

16. AS 45.50.471(b)(43).

17. 26 P.3d 447 (Alaska 2001).

plaintiff to relief.[18] Thus, we must determine whether the consumers could prove any set of facts in support of their AS 45.50.531(a) claims against Lithia Hyundai and Lithia Chevrolet. Did the consumers have standing to sue Lithia Hyundai and Lithia Chevrolet when their complaint did not allege that any of the individual plaintiffs were actually injured by those dealerships' actions? If they did not have standing, then they could prove no set of facts in support of their claims against the two dealerships, and the dismissal of those dealerships was proper.

**2. Before the amendment of their complaint individual consumers lacked interest-injury standing to sue Lithia Hyundai and Lithia Chevrolet.**

In *Trustees for Alaska v. State*,[19] we explained that "[t]he basic requirement for standing in Alaska is adversity."[20] Our cases have discussed two different kinds of standing. One is interest-injury standing; the other is citizen-taxpayer standing.[21] Under the interest-injury approach, a plaintiff must have an interest adversely affected by the conduct complained of.[22] Citizen-taxpayer standing, on the other hand, arises when taxpayers or citizens wish to challenge governmental action based on their status as taxpayers or citizens.[23] Here, because the consumers are not challenging governmental action but are rather alleging private harm caused by private actors, citizen-taxpayer standing is not at issue. Thus, the consumers must have interest-injury standing in order to sue Lithia Hyundai and Lithia Chevrolet.

The consumers cite *Carpenter v. Hammond*[24] and *Adams v. Pipeliners Union 798*[25] to support their argument that they have sufficient standing to sue Lithia Hyundai and Lithia Chevrolet. The dealerships correctly point out that *Carpenter* involved citizen-taxpayer standing,[26] not interest-injury standing, and is therefore not controlling. However, in *Adams* we addressed a claim involving interest-injury standing and noted that "to give standing all that is necessary is a 'sufficient personal stake in the controversy to guarantee the adversity which is fundamental to judicial proceedings.'"[27]

Under the interest-injury standing test, therefore, the consumers must have an interest adversely affected by the actions of Lithia Hyundai and Lithia Chevrolet,[28] and they must have a "sufficient personal stake in the controversy to guarantee ... adversity...."[29] According to their original complaint, the consumers had interests that were adversely affected by the actions of Lithia Chrysler and Lithia Dodge, but none of those interests were adversely affected by Lithia Hyundai or Lithia Chevrolet. The named class representative plaintiffs specifically alleged wrongdoing only by Lithia Chrysler and Lithia Dodge. Although Lithia Chevrolet is briefly mentioned in the complaint, the named class representatives failed to allege any actual injury caused by Lithia Chevrolet. Lithia Hyundai is not even mentioned in the original complaint outside the caption naming the defendants. Thus, the consumers had a sufficient personal stake to guarantee adversity against Lithia Chrysler and Lithia Dodge by means of specific allegations against those two dealerships in the complaint, but no personal stake against Lithia Hyundai and Lithia Chevrolet, because they lacked adversity concerning those two dealerships. Hence, they lacked standing against these two dealerships under the basic interest-injury standard.

**18.** *Id.* at 451 (citing *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 254 (Alaska 2000)).

**19.** 736 P.2d 324 (Alaska 1987).

**20.** *Id.* at 327.

**21.** *Id.*

**22.** *Id.*

**23.** *Id.*

**24.** 667 P.2d 1204 (Alaska 1983).

**25.** 699 P.2d 343 (Alaska 1985).

**26.** *See Carpenter*, 667 P.2d at 1210.

**27.** *Adams*, 699 P.2d at 346 (quoting *Carpenter*, 667 P.2d at 1210).

**28.** *See Trustees for Alaska*, 736 P.2d at 327.

**29.** *See Adams*, 699 P.2d at 346.

### 3. The juridical link doctrine did not provide the consumers with standing to sue Lithia Hyundai and Lithia Chevrolet.

█ The consumers argue that "[a]s a class action, the Plaintiffs had sufficient standing to bring this suit against all the named defendants because [of] the common ownership of the defendants. The common ownership of all of the defendants provided a 'juridical link[ ]' between all of the defendants sufficient to provide standing to the class." According to the consumers,

[T]he proper question in this matter is not whether individual[ ] consumers can sue individual dealers they have no dealings with, but rather whether class representatives in a class action can sue all the Alaska subsidiaries of a single national corporation, that was engaged in fraudulent and illegal actions in Alaska, by and through their Alaska subsidiaries, who were all linked by a common plan of operation, orchestrated by the parent corporation, even if those class representatives only dealt with some of those Alaska subsidiaries.

The dealerships respond that common ownership is not sufficient to confer standing or state a claim, and the juridical link doctrine does not apply.

The dealerships are correct. The juridical link doctrine was first created in the dicta of a 1973 case from the United States Court of Appeals for the Ninth Circuit, *La Mar v. H & B Novelty & Loan Co.*[30] In *La Mar*, the court indicated the juridical link doctrine was an exception to the general principle that "a plaintiff who has no cause of action against the defendant can not 'fairly and adequately protect the interests' of those who do have such causes of action."[31] The court explained that this general principle does not apply when "all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious."[32] Standing was assumed in *La Mar*, and the juridical link doctrine was used to determine the typicality and adequate representation requirements of Federal Civil Rule 23, which governs class action lawsuits in federal courts.[33]

█ Accordingly, "the juridical link[ ] doctrine has no bearing on the issue of standing."[34] As the United States Supreme Court has noted, "[t]hat a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.' "[35] Thus, even though a few courts have applied the juridical link doctrine to the issue of standing,[36] that approach is incorrect because it was intended to be applied only in the context of class certification.[37]

Furthermore, the cases cited by the consumers do not support their position. In *Angel Music, Inc. v. ABC Sports, Inc.*,[38] the

---

**30.** 489 F.2d 461, 465–66 (9th Cir.1973); *see also In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 169–70 (D.Mass.2004).

**31.** 489 F.2d at 466.

**32.** *Id.*

**33.** *Id.* at 464 (adding "plaintiffs here are not entitled to bring a class action against defendants with whom they had no dealing"). Alaska Civil Rule 23 is the corresponding state rule that governs class action lawsuits in Alaska courts. *See* Alaska R. Civ. P. 23.

**34.** *Matte v. Sunshine Mobile Homes, Inc.*, 270 F.Supp.2d 805, 822 (W.D.La.2003) (stating that the juridical link doctrine is relevant not to standing but to class certification in the sense that it provides an "exception to the Rule 23(a)

requirement of 'typicality' and/or 'adequacy of representation' in class actions against multiple defendants").

**35.** *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) (quoting *Warth v. Seldin*, 422 U.S. 490, 502, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

**36.** *See, e.g., Alves v. Harvard Pilgrim Health Care Inc.*, 204 F.Supp.2d 198, 205 (D.Mass.2002).

**37.** *See In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 170–71 (D.Mass.2004) (explaining that juridical link doctrine "is better used to address Rule 23 issues, rather than in the Court's analysis of Article III standing").

**38.** 112 F.R.D. 70 (S.D.N.Y.1986).

United States District Court for the Southern District of New York applied the juridical link doctrine to class certification, not to standing, and the court concluded that the doctrine provided "an exception for *defendant classes* whose conduct is standardized by a common link to an agreement, contract or enforced system which acts to standardize the factual underpinnings of the claims and to insure the assertion of defenses common to the class." [39] Here, the consumers have never identified the defendants as a defendant class under Alaska Civil Rule 23. Rather, the only purported class is the class of potential plaintiff car purchasers. Thus, the juridical link principle in *Angel Music* does not apply. Furthermore, in *Angel Music,* the court reaffirmed the bedrock principle of standing in class action cases: "representative plaintiffs must have individual standing to assert claims against all the members of a defendant class." [40]

The consumers also cite *Akerman v. Oryx Communications, Inc.*[41] to support their assertion that the "common ownership of all of the defendants provided a 'juridical link[ ]' between all of the defendants sufficient to provide standing to the class." But *Akerman* is inapplicable to this case for the same reasons as *Angel Music:* The juridical link in *Akerman* concerned class certification, not standing, and the juridical link discussion focused on a defendant class; here, the issue is standing, and there is no defendant class. Indeed, *Akerman* noted that "[m]embership in a plaintiff class is ... insufficient to mitigate a lack of individual standing." [42]

If the consumers wished to sue the dealerships for collective wrongdoing, they could have also named the umbrella corporation, Lithia Motors, as a defendant. But they did not do so. Because Lithia Motors was not named as a defendant, the common ownership of the various dealerships is not relevant to the standing inquiry.[43] The consumers failed to specifically allege that either Lithia Hyundai or Lithia Chevrolet caused injury to the representative plaintiffs. Without such an allegation, they lacked standing against those two dealerships. Such a lack of standing cannot be cured by the fact that the two dealerships may be under the common ownership of an entity that was *not* named as a defendant.

Because the juridical link doctrine applies only to class certification and not to standing, it does not excuse the consumers from the requirement that they have individual standing in order to sue Lithia Hyundai and Lithia Chevrolet.

4. **The superior court did not err in deciding the standing issue before class certification.**

◼ The consumers argue that the superior court should have decided whether to grant class status before deciding the standing issue. In support of their argument the consumers cite a federal case, *Payton v. County of Kane.*[44] In *Payton,* the United States Court of Appeals for the Seventh Circuit held that class status must be addressed before standing.[45] In so holding, the Seventh Circuit broadly interpreted the United States Supreme Court's opinion in *Ortiz v. Fibreboard,*[46] in which the Court examined class certification prior to standing in an asbestos-related class action lawsuit.[47]

We have not specifically addressed whether the standing inquiry should always pre-

---

**39.** *Id.* at 77 (emphasis added).

**40.** *Id.* at 74 ("[A] predicate to [a class representative]'s right to represent a class is his eligibility to sue in his own right. What he may not achieve himself, he may not accomplish as a representative of a class.").

**41.** 609 F.Supp. 363, 375–77 (S.D.N.Y.1984).

**42.** *Id.* at 376.

**43.** *See Henry v. Circus Circus Casinos, Inc.,* 223 F.R.D. 541, 544 (D.Nev.2004) (holding that security guards who brought Fair Labor Standards Act claims had no standing to sue subsidiaries of employer's parent corporation other than their own employer and thus they could not maintain class action against other subsidiaries).

**44.** 308 F.3d 673 (7th Cir.2002).

**45.** *Id.* at 680.

**46.** 527 U.S. 815, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999).

**47.** *See Payton,* 308 F.3d at 680.

cede class certification, but we previously addressed standing as the first issue in *Adams v. Pipeliners Union 798*.[48] Further, the general approach of the federal courts appears to favor the consideration of standing as a preliminary matter. According to a leading treatise on class actions,

> Because individual standing requirements constitute a threshold inquiry, the proper procedure when the class plaintiff lacks individual standing is to dismiss the complaint, not to deny the class for inadequate representation. The class issues are not reached in this instance. On the other hand, when a class plaintiff shows individual standing, the court should pass to Rule 23 criteria to determine whether, and to what extent, the plaintiff may serve in a representative capacity on behalf of the class.[49]

Moreover, some federal courts have specifically rejected the *Payton* rationale,[50] and others have simply held that standing must be examined before class certification because it is "an inherent prerequisite to the class certification inquiry." [51]

Under the approach we adopted in *Adams*, an approach consistent with the view of many federal courts that standing is an "inherent prerequisite to the class certification inquiry," [52] the superior court did not err in addressing standing before class certification in this case.

### B. It Was an Abuse of Discretion To Enter Partial Final Judgment in Favor of Lithia Hyundai and Lithia Chevrolet Before All Claims Were Adjudicated.

The superior court entered final judgment in favor of Lithia Hyundai and Lithia Chevrolet on April 12, 2007, concluding that "no just reasons exist to delay entry of final judgment" for those dealerships. Within a week, the consumers filed a motion to amend their complaint accompanied by an amended complaint that added class representatives who had purchased vehicles from the dismissed dealerships. They also filed a motion for reconsideration on the basis of their amended complaint. The superior court denied the consumers' motion for reconsideration and affirmed its entry of final judgment without explicitly ruling on the motion to amend.

The consumers argue that the superior court erred in entering final judgment when all claims had not been adjudicated. They assert that the superior court's entry of final judgment was an abuse of discretion because it did not give them an opportunity to amend their complaint by adding new class representatives. They explain that "new class representatives have appeared that have the 'standing' that the dismissed defendants claimed the previous plaintiffs did not have." Thus, the consumers assert that standing questions are now moot due to the amendment of their complaint, which added new class representatives who had direct dealings with the dismissed dealerships.

The dealerships respond that the superior court properly exercised its discretion by entry of final judgment against the consumers because there was no just reason for delay. They argue that "a long delay in a party's ability to collect on a judgment is a sufficient basis for a finding that there is no just reason for delay." They also assert that this case does not present the problem of piecemeal appeals that would warrant delaying the entry of final judgment.

Civil Rule 54(b) provides that "when multiple parties are involved [in an action], the court may direct the entry of a final judg-

---

**48.** 699 P.2d 343, 346 (Alaska 1985) ("[T]he threshold issue to Adams's appeal is whether he has standing to bring it.").

**49.** 1 Alba Conte & Herbert Newberg, Newberg on Class Actions, § 2:9, at 110–11 (4th ed.2002).

**50.** *See, e.g., In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162, 165–67 (D.Mass.2004).

**51.** *See, e.g., Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir.2002) (quoting *Bertulli v.*

*Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290, 294 (5th Cir.2001)) (holding that district court erred by not demanding showing of standing before certifying class "because [standing] determines the court's fundamental power even to hear the suit").

**52.** *Rivera*, 283 F.3d at 319 (quoting *Bertulli*, 242 F.3d at 294).

ment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

 In *Johnson v. State*,[53] we explained that "there must be a good reason for using Rule 54(b)."[54] We held that granting Rule 54(b) final judgment was inappropriate where neither party would suffer any appreciable hardship if review awaited final determination of the case.[55] In discussing the general approach the superior court should take in addressing a Rule 54(b) motion, we stated that "[t]he finding should not be made simply because counsel request it. There should be some danger of actual hardship caused by delay in entry of final judgment. The court should weigh the general policy against piecemeal appeals against the reasons advanced in favor of the proposed finding."[56] Later, in *S & B Mining Co. v. Northern Commercial Co.*,[57] we quoted *Johnson* approvingly and held that "[e]ntry of [R]ule 54(b) judgment is discretionary; however, the policy against piecemeal litigation is very strong. . . ."[58] We further discussed the standard in *Dinsmore–Poff v. Alvord:*[59]

> "Typically, use of Rule 54(b) is appropriate only if the party seeking judgment is likely to suffer actual hardship otherwise." But the word "typically" shows that we have not made hardship a categorical requirement. This accords with the federal view that since it is impossible to catalog all

reasons to grant a Rule 54(b) motion, courts have discretion to consider any relevant factor.[60]

More recently, in *Cole v. State Farm Insurance Co.*,[61] we emphasized that partial final judgments deserve careful appellate review because of the law's fundamental aversion to piecemeal appeals.[62] We noted that "[t]he device should be used only infrequently and only when there is 'some danger of actual hardship caused by delay in entry of final judgment.' "[63] Nonetheless, we have upheld Rule 54(b) final judgments under the abuse of discretion standard in some instances.[64]

The consumers assert that they had a just reason to delay entry of final judgment: They wanted to amend their complaint and add new class representative plaintiffs who purchased vehicles from Lithia Hyundai and Lithia Chevrolet. In their opposition to the motion for partial final judgment, the consumers specifically requested that the superior court enter final judgment without prejudice if the court was inclined to grant the dealerships' motion. Instead, the superior court found there was no just reason for delay and entered partial final judgment without indicating whether it was with or without prejudice. The superior court provided no reason for denying the consumers the opportunity to amend their complaint.

In support of their argument that they should have been allowed to amend their complaint before final judgment, the consumers cite *Alyeska Pipeline Service Co. v.*

---

**53.** 577 P.2d 706 (Alaska 1978).

**54.** *Id.* at 710.

**55.** *Id.* at 711.

**56.** *Id.* at 710.

**57.** 813 P.2d 264 (1991).

**58.** *Id.* at 269 (nonetheless holding that superior court did not abuse its discretion by entering final judgment against some but not all defendants because there was no just reason for delay).

**59.** 972 P.2d 978 (Alaska 1999).

**60.** *Id.* at 988 (quoting *Williams v. Mammoth of Alaska, Inc.*, 890 P.2d 581, 586 (Alaska 1995)).

**61.** 128 P.3d 171 (Alaska 2006).

**62.** *Id.* at 173 n. 2.

**63.** *Id.* (quoting *Johnson v. State*, 577 P.2d 706, 710 (Alaska 1978)) (recognizing that "the interests of justice often will militate against the entry of a partial judgment").

**64.** *See, e.g., Bradford v. First Nat'l Bank of Anchorage*, 932 P.2d 256, 263 (Alaska 1997) (holding that long delay in collecting debt is sufficient hardship to justify Rule 54(b) final judgment); *Adkins v. Nabors Alaska Drilling, Inc.*, 609 P.2d 15, 19 (Alaska 1980) ("The rule seeks to accommodate the competing interests of not forcing a party to wait until a court reaches a final judgment as to all claims or parties with the equally desirable policy of avoiding duplicitous and piecemeal appeals.").

*Shook.*[65] *Shook* involved an Alaska Wage and Hour Act class action claim in which the class representative plaintiff had already received a large severance payment from his former employer.[66] Based on the sufficiency of the payment, we reversed the order denying summary judgment to the employer and remanded for entry of judgment in favor of the employer on the class representative's individual claim.[67] However, we explained that "[t]his result does not require dismissal of the class action. The class should have [an] opportunity to substitute a new class representative." [68] Here, the consumers sought the opportunity to bring in new class representatives to remedy the lack of standing against Lithia Hyundai and Lithia Chevrolet. No reason appears why they should not have been allowed this opportunity.

The consumers also argued to the superior court that final judgment should be delayed in order to avoid piecemeal appeals. *Johnson* requires a balancing of "the general policy against piecemeal appeals against the reasons advanced in favor of the proposed finding." [69] There is no indication that the superior court balanced "the general policy against piecemeal appeals" against the dealerships' asserted reason for entry of final judgment—their desire to seek attorney's fees and costs. Rather, the court simply signed the proposed order filed by the dealerships. Without evidence that the superior court fulfilled this important duty under Rule 54(b), we cannot affirm the entry of partial final judgment.

As we have stated, there must be a good reason for using Rule 54(b).[70] The superior court here simply stated that it was granting final judgment "for the reasons set forth" in the dealerships' motion for entry of final judgment. However, the reasons set out in the dealerships' motion fail to reveal hardship or any other valid reason to enter partial final judgment. The dealerships provided the following explanation of the "hard-

ship" they would face if final judgment was not entered:

> Lithia Hyundai and Lithia Chevrolet have been forced to incur attorney's fees defending against the bogus claims of consumers who never even stepped foot on these dealerships' lots. A final judgment may enable defendants Lithia Hyundai and Lithia Chevrolet to seek attorney's fees and costs as the prevailing party. There is no justification for delaying consideration of such an award until after the resolution of the plaintiffs' unrelated claims against Lithia Dodge and Lithia [Chrysler]. To the contrary, unnecessarily delaying an award of fees and costs would unfairly prejudice Lithia Hyundai and Lithia Chevrolet, who are entitled as prevailing parties to timely seek the recovery of their fees.

The dealerships' arguments regarding the hardship of having to wait for attorney's fees and costs, however, are unconvincing. Lithia Hyundai and Lithia Chevrolet are represented by the same counsel as Lithia Dodge and Lithia Chrysler, and counsel has not indicated any reason why it would constitute hardship for them to wait until the entire case has been decided before requesting attorney's fees as to two of the four dealerships. The consumers are correct that "[t]he purported reason for entry of final judgment, advanced by the defendants, to allow the dismissed Lithia defendants to seek attorney's fees and costs ... does not constitute the type of hardship envisioned by the rule or the court in allowing the entry of a final judgment as to some, but not all, of the parties named in the action." Moreover, Lithia Hyundai and Lithia Chevrolet have not sought attorney's fees since entry of final judgment, so their purported hardship appears illusory.

The dealerships also argue that "a long delay in a party's ability to collect on a judgment is a sufficient basis for a finding that there is no just reason for delay." But the dealerships are not waiting to collect a debt or other type of money judgment, as

---

**65.** 978 P.2d 86 (Alaska 1999).

**66.** *Id.* at 87.

**67.** *Id.*

**68.** *Id.* at 91.

**69.** 577 P.2d at 710.

**70.** *Id.*

was the case in *Bradford v. First National Bank of Anchorage,* where we held that Rule 54(b) final judgment was justified by the long delay in collecting a debt.[71] Thus, their argument fails to reveal hardship or any other reason sufficient to warrant Rule 54(b) final judgment.

Because the consumers indicated their intent to amend their complaint and add class representatives with standing against Lithia Hyundai and Lithia Chevrolet, and because the dealerships did not show hardship or any other valid reason for final judgment, it was an abuse of discretion for the court to find that there was no just reason for delay and to enter final judgment under Rule 54(b).

## V. CONCLUSION

Although the superior court did not err in granting the dealerships' motion to dismiss based on the consumers' lack of standing, it was an abuse of discretion to enter Rule 54(b) final judgment without requiring a good reason and without permitting the consumers to amend their complaint by adding new class representatives capable of establishing standing against the dismissed dealerships. Thus, we REVERSE and REMAND to the superior court to permit amendment of the complaint with new class representatives who purchased used vehicles from Lithia Chevrolet and Lithia Hyundai but did not receive statutorily required disclosures.

FABE, Chief Justice, not participating.

---

71. 932 P.2d 256, 263 (Alaska 1997).