*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

# In the Supreme Court of the State of Alaska

| | | |
|---|---|---|
| Fred W. Triem,<br><br>    Appellant,<br><br>  v.<br><br>Kake Tribal Corporation, Arlene Hanson, et al.,<br><br>    Appellees.<br>_____<br><br>Clifford W. Tagaban,<br><br>    Appellant,<br><br>  v.<br><br>Kake Tribal Corporation, Lorraine Jackson, et al.,<br><br>    Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Supreme Court Nos. S-17767/S-17846 (consolidated)<br><br>Superior Court Case Nos.<br>1PE-90-00072 CI / 1PE-95-00001 CI<br><br><br><br>**Order**<br><br><br><br>**Order No. 117 - July 8, 2022** |

Before:  Winfree, Chief Justice, Maassen, Borghesan, and Henderson, Justices.  [Carney, Justice, not participating.]

Clifford Tagaban and his counsel Fred Triem challenge the release of debt that Kake Tribal Corporation (KTC) owes to two classes of shareholders.  We previously set forth many of the underlying facts in *Hanson v. Kake Tribal Corporation*.[1]  In the early 1990s the Hanson class, represented by Triem, sued KTC alleging that a benefit distribution plan unfairly discriminated among shareholders.  Tagaban served as a class representative for the Hanson class.  After we affirmed KTC's liability to the class,[2] the superior court

---

[1]  939 P.2d 1320, 1322-24 (Alaska 1997).

[2]  *Id.* at 1331.

awarded the class total damages of $2,697,547.10 and costs of $8,056.49. The court also awarded Triem attorney's fees, granting him one-third of the common fund recovered by the class.

During the Hanson class proceedings, Triem filed another class action on behalf of Tagaban and a different set of shareholders who would become the Martin class. When Triem filed a motion for class certification on behalf of Tagaban, another putative class member, Harold Martin, moved to intervene. Martin argued that Tagaban and Triem were an improper class representative and counsel respectively, explaining that the motion for class certification excluded shareholders who participated in *Hanson* and that Tagaban was a member of and named plaintiff for the Hanson class. Triem was at no time appointed as class counsel. The trial court allowed Martin to intervene and approved a class for the purposes of settlement, which had already been negotiated. The settlement identified Budd Simpson as class counsel. The stipulation of settlement defined a class member as "any Shareholder who owns shares of KTC stock that are not included as *Hanson* shares." The settlement eventually incorporated a list of class members, which did not include Tagaban. The settlement required payments to the class at a rate of $98 per share, attorney's fees, and costs.

In 2001 KTC filed a reorganization plan in the United States Bankruptcy Court, District of Alaska under Chapter 11 of the United States Code. The reorganization plan addressed both the Hanson class and Martin class debts. The Bankruptcy Court confirmed the reorganization plan in 2002. In 2017 Triem and Tagaban were replaced as class counsel and representative for the Hanson class.

In recent years both classes internally voted to relieve KTC of its outstanding debt to the classes. In August 2019 Triem moved on behalf of Tagaban to enforce the Hanson judgment. In November 2019 the Hanson class moved for the court to approve the class's forgiveness of KTC's debt. In a pair of orders issued on the same day, the superior court approved the Hanson class's vote to forgive the debt, framing it as a motion for relief under Alaska Civil Rule 60(b), and denied Triem's motion to

enforce the original judgment.

The Martin class voted both to forgive KTC's debt and to replace the deceased class representative. Following the votes the Martin class moved for court approval of a new class representative and to relieve KTC of its debt to the class. After soliciting and receiving additional information about the new proposed representative, the superior court granted the motion for replacement of the class representative and affirmed the vote to release the debt, again framing it as a Rule 60(b) motion.

Triem and Tagaban appeal the superior court's orders relieving KTC from the judgments in both actions and the court's denial of the motion to enforce the Hanson judgment. This order serves to dispense with several arguments raised in this appeal and invites further briefing on substantive issues yet to be decided. First, we dismiss the appeal of the Martin class proceedings for lack of standing. Second, we hold that the superior court had jurisdiction to consider and decide the Hanson class litigation currently at issue. Third, we hold that Triem does not have standing and is not a real party in interest with the authority to prosecute the Hanson class appeal. Fourth, we decline to consider Triem's argument that the superior court improperly sanctioned him because the order imposing sanctions is not before the court in this appeal. Finally, we hold that the superior court's orders did not constitute judicial takings or improper impairments of contract.

KTC and the Martin class argue that Tagaban and Triem lack standing in the Martin class appeal and that it should therefore be dismissed. We agree. To establish interest-injury standing, a party "must have an interest adversely affected" and "a 'sufficient personal stake in the controversy to guarantee adversity.' "[3] Because Tagaban has not identified any personal adverse impact from the Martin class orders, he fails to

---

[3]     *Neese v. Lithia Chrysler Jeep of Anchorage, Inc.*, 210 P.3d 1213, 1219 (Alaska 2009) (first citing *Tres. for Alaska v. State*, 736 P.2d 324, 327 (Alaska 1987); then quoting *Adams v. Pipeliners Union 798*, 699 P.2d 343, 346 (Alaska 1985)).

satisfy the adversity requirement and therefore does not have standing.[4] The proposed Martin class, as originally submitted by Triem to the superior court, excluded shareholders "enrolled or participating in the class action case of *Hanson*." Because Tagaban is a Hanson class member, he does not qualify under this definition to be a member of the Martin class. The Martin class settlement eventually incorporated a list of shareholders that does not include Tagaban. Tagaban cannot allege injury on behalf of a group of class members if he himself has not suffered an injury.[5] Similarly, Triem has not identified any personal adverse impact from the *Martin* decision, nor did he ever serve as class counsel. Therefore, Triem has not individually satisfied the interest-injury requirement for standing.[6] We thus dismiss the Martin class appeal and address only the remainder of Triem and Tagaban's claims as they relate to the Hanson class action.

Triem and Tagaban contend that the Bankruptcy Court retained exclusive jurisdiction over the Hanson class action after it confirmed KTC's Chapter 11 reorganization plan, and that the superior court thus lacked jurisdiction to provide relief from judgment. As the superior court noted, however, the Bankruptcy Court did not explicitly retain exclusive jurisdiction when it approved the reorganization plan,[7] and the issues before us do not otherwise fall under the federal courts' exclusive jurisdiction.[8]

---

**4** *See id.*

**5** *Id.* at 1220 ("[E]ven named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.' " (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 40 n.20 (1976))).

**6** *See id.* at 1219.

**7** *See, e.g.*, *Jonco LLC v. ALI, Inc.*, 157 F.3d 33, 35 (1st Cir. 1998) (explaining that bankruptcy court retaining jurisdiction does not prevent state court from exercising concurrent jurisdiction).

**8** *See Wagner v. Key Bank of Alaska*, 846 P.2d 112, 116 (Alaska 1993) ("[T]he federal courts' exclusive jurisdiction extends only to the bankruptcy petition itself.").

Therefore, the superior court has jurisdiction.[9] KTC urges us to conclude that the Bankruptcy Court no longer retains jurisdiction over this case. Doing so is unnecessary to resolve the jurisdiction question, as the superior court had at least concurrent jurisdiction to provide relief from judgment.[10]

KTC argues that Triem lacks standing and does not have the authority to prosecute the Hanson class appeal. Because Triem has not identified any individual adverse impacts stemming from the superior court's orders, we agree that Triem lacks standing.[11] In general, an attorney is not a party with the authority to appeal on the

---

[9]     *See id.*; *Briggs v. Newton*, 984 P.2d 1113, 1118 (Alaska 1999) (noting that federal courts have "original — but not exclusive — jurisdiction over . . . civil cases" that arise under title 11). Triem and Tagaban appear to argue that the superior court attempted to discharge the debt in bankruptcy. However, the superior court did not *discharge* the debt pursuant to bankruptcy law, it found that the class had agreed to release the debts. This argument is therefore unavailing.

[10]     Alaska's superior courts are trial courts of general jurisdiction and thus may exercise jurisdiction over cases "arising in or related to" title 11 of the United States Code provided the issues are not within the exclusive jurisdiction of the federal courts. 28 U.S.C. § 1334(b) (providing federal district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11"); Alaska Const. art. 4, § 3.

[11]     *See Neese*, 210 P.3d at 1219. Triem argues that the superior court's orders reduce his attorney's fees from the initial judgment. However, the initial order awarding attorney's fees provides that Triem was "allowed fees from the common fund (judgment plus costs and fee award)." The most recent order indicates that "KTC is obliged to pay Triem the remainder of the one third attorney fees award owed to him from the common fund of the final judgment," specifying that this includes the supersedes bond and "any remaining amount owed to him on his attorney fees award." Our reading, therefore, is that Triem is owed the full attorney's fees awarded in the initial judgment, as directed in the reorganization plan. As the superior court's order directed, "Triem shall be entitled to the same judgment creditor remedies" as the class itself. Triem may thus exercise these remedies and has not suffered any adverse impact that would satisfy interest-injury standing.

attorney's own behalf.[12] Triem has not set forth any convincing reason this case should be an exception to that rule, particularly given that the attorney's fee award in this case is not under attack.[13]

It appears Triem also seeks to appeal a superior court order sanctioning him pursuant to Alaska Civil Rule 77(j), but this issue is not properly before us and we decline to address it. Triem previously appealed the same order, and we ultimately dismissed that appeal for want of prosecution.[14] Under Alaska Appellate Rule 511.5, once an appeal has been dismissed for want of prosecution, the appellant may not remedy the default absent an order by this court to reinstate the appeal.[15] No such order has been issued here.

Triem and Tagaban further argue, for the first time on appeal, that granting relief from judgment violates the Takings and Contracts Clauses of the U.S. Constitution.[16] We generally "will not consider an issue raised for the first time on appeal" unless the issue amounts to plain error or, among other criteria, "could have been gleaned from the pleadings."[17] Triem and Tagaban fail to cite any controlling authority

---

[12] *See* Alaska R. App. P. 204(b) ("A party may appeal from a final order or judgment. . . ."); *Rose v. Alaskan Vill., Inc.*, 412 P.2d 503, 509 (Alaska 1966) (interpreting predecessor Sup. Ct. R. 7(b) and explaining that there is a "general prohibition against an attorney appealing the issue of attorney's fees.").

[13] *See Rose*, 412 P.2d at 509; *Dieringer v. Martin*, 187 P.3d 468, 476 (Alaska 2008) ("[T]he attorney is the real party in interest . . . to the extent the fee is later attacked.").

[14] *Triem v. Kake Tribal Corp.*, No. S-17867 (Alaska Supreme Court Order, Jan. 28, 2021).

[15] *See also Bunton v. Alaska Airlines, Inc.,* 482 P.3d 367, 377 n.33 (Alaska 2021) (declining to consider issue previously dismissed for want of prosecution).

[16] U.S. Const. amend. V; U.S. Const. art. I, § 10.

[17] *State v. Nw. Constr., Inc.*, 741 P.2d 235, 239 (Alaska 1987) ("Under the 'plain error' doctrine, an issue not raised at trial may nonetheless be considered by this court if it appears that an obvious mistake has been made which creates a high likelihood

for their claim that relieving the parties from judgment constitutes a judicial taking,[18] and we can discern no viable theory supporting their argument. The Contracts Clause argument is similarly without merit; the U.S. Supreme Court has expressly rejected the notion that state courts' rulings on contracts would implicate the Contracts Clause.[19] We decline to further consider these belated arguments.

The issue remaining before us is whether and to what extent Tagaban, a Hanson class member, is a real party in interest with standing and authority to challenge the superior court's order relieving KTC from its debt to the Hanson class. In considering this issue, we contemplate the related question of what opportunity Tagaban and other individual class members had or should have had to object to the agreement by most class members to release KTC's debt and to the process underlying that agreement. It strikes us that the class's decision to release KTC from the debt may best be considered a settlement agreement pursuant to Alaska Civil Rule 23. Rule 23(e) requires "notice of the proposed dismissal or compromise" to all members of the class and "approval of the court" before a class action is dismissed or compromised. Because the parties did not discuss Rule 23 in their briefing or arguments, we invite supplemental briefing on whether Rule 23(d)-(e) applies and whether its requirements have been satisfied. This briefing may include further discussion of whether Tagaban is a real party in interest with the authority to pursue the appeal as to the Hanson class proceedings.

**IT IS ORDERED**:

1. Supreme Court No. S-17846 is **DISMISSED** for lack of standing.

2. The parties shall file supplemental briefs that address the following

that injustice has resulted.").

[18] Triem and Tagaban cite to *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 715 (2010). This plurality opinion involved the state taking property for itself, not allocating property between two parties. *See id.* It is therefore inapposite.

[19] *Lehigh Water Co. v. Easton*, 121 U.S. 388, 392 (1887); *Cent. Land Co. of W. Va. v. Laidley*, 159 U.S. 103, 111 (1895).

issues: whether Alaska Civil Rule 23(d)-(e) is applicable to the superior court's order approving the Hanson class vote to release KTC from its debt; if so, whether the requirements of Alaska Civil Rule 23(d)-(e) have been met; and whether Tagaban is a real party in interest under Alaska Civil Rule 17.

3. The briefs shall be filed as memoranda and shall not exceed 20 pages.

4. Appellant's memorandum is due on or before August 8, 2022, and Appellee's memorandum shall be filed on or before September 9, 2022.

Entered at the direction of the court.

Clerk of the Appellate Courts

_____/s/_____
Meredith Montgomery

cc:     Supreme Court Justices
        Judge Schally
        Trial Court Clerk - Petersburg
        Publishers

Distribution:

Email:
Slottee, Christopher J.
Heiser, Michael P.
Triem, Frederick W.
Simpson, Edward B.
Miller, Kristen P.